■ GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant, v SALVATORE FARRAUTO et al., Respondents.—In an action for a declaratory judgment, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Levine, J.), dated March 11, 1987, which, after a nonjury trial, is in favor of the defendants and which declares that the plaintiff has an obligation to defend and indemnify the defendants Salvatore and Angelina Farrauto with respect to a certain pending action to recover damages for personal injuries.

Ordered that the judgment is reversed, on the law, with costs, and a new trial is ordered.

The defendants Salvatore and Angelina Farrauto have been sued in an action to recover damages for personal injuries allegedly suffered by their granddaughter, the infant codefendant Angela Farruggio. It is alleged that the infant suffered injuries in an accident which occurred on premises owned by the Farrautos on October 11, 1971. The plaintiff insurance company provided a liability policy which covered the subject premises on the date of the accident.

The plaintiff seeks, in the present action, a judgment declaring that it has no duty to defend or indemnify the Farrautos in connection with the underlying personal injury action, because of the Farrautos' failure to comply with the provision in the policy which required them to give written notice of any occurrence covered by the policy "as soon as practicable".

During a brief trial, the Supreme Court held that because the subject policy did not expressly warn the insured persons that failure to comply with the notice provision might result in a forfeiture of coverage, the plaintiff was precluded from disclaiming coverage. Upon this basis, judgment was granted in favor of the defendants. This was error.

Generally, the requirement that an insured provide notice of any occurrence to the insurance company within a reasonable time is considered a condition precedent to the insurer's obligation to defend or indemnify the insured (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440; *Rushing v Commercial Cas. Ins. Co.*, 251 NY 302, 304). In other words, the insured's failure to provide timely notice of an occurrence vitiates the insurance contract (*Deso v London & Lancashire Indem. Co.* 3 NY2d 127, 129-130). This is the case regardless of whether the policy contains a provision expressly warning the insured that failure to honor the condition requiring notice may result in a forfeiture of coverage (*see,* 8 Appleman, Insurance Law & Practice § 4732, at 19; 13A Couch, Insurance Law § 49:49 [2d ed]). The court therefore erred in granting judgment in favor of the defendants on this basis.

Based on the evidence contained in the record, it is impossible to determine whether the defendants, in fact, complied with the requirement that they provide notice of an occurrence "as soon as practicable". We therefore conclude that a new trial is necessary in order to allow the defendants to demonstrate whether they did, in fact, provide notice of the occurrence "as soon as practicable". Although no written notice was given to the plaintiff until several years after the occurrence, notice was provided soon after the personal injury action was commenced. Various factors must be considered in order to determine whether the defendants might have had a reasonable basis for believing that there was no liability on their part for the accident, so that their failure to provide prompt notice of the accident may be deemed excusable (*see generally, Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12; *Merchants Mut. Ins. Co. v Hoffman,* 86 AD2d 779, *affd* 56 NY2d 799; *875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.*, 37 AD2d 11, 13, *affd* 30 NY2d 726). Since it is possible that the

defendants failed to adduce proof relative to this issue because of the trial court's ruling in their favor, a new trial is warranted in the interest of justice. Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.