■ UNIVERSAL BUILDERS SUPPLY, INC., Appellant-Respondent, v BAYLY, MARTIN & FAY, INC., Respondent-Appellant.— In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered August 7, 1987, as dismissed its cause of action sounding in fraud for failure to state a cause of action, and the defendant cross-appeals from so much of the same order as denied that branch of its motion which was to dismiss the cause of action sounding in fraud as time barred.

Ordered that the cross appeal is dismissed, without costs or disbursements *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539); and it is further,

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant was the plaintiff's insurance broker. In 1975 and 1976, the defendant obtained coverage for the plaintiff's national operations from two out-of-State insurers which were not licensed to do business in New York. However, in 1984, both of the out-of-State insurers were declared insolvent and ceased making payments on claims, leaving the plaintiff without coverage for an accident which occurred on June 1, 1976. On discovering the lack of coverage in 1985, the plaintiff commenced the instant action.

Aside from certain situations not relevant at bar, "[t]he New York Insurance Law precludes the sale of insurance * * * written by insurers not authorized [to do so] in New York except where [such] coverage * * *is unobtainable in whole or in part from authorized insurers" (11 NYCRR 27.0 [a]). In such cases coverage may be placed by a licensed excess line broker with one or more unauthorized insurers. Every policy placed with an unauthorized insurer is required to be endorsed advising the insured that the insurance is not under New York supervision and not protected, in the event of insolvency of the insurer, by the Property/Casualty Insurance Security Fund (11 NYCRR 27.8). It is undisputed that the policies in issue did not contain such an endorsement.

The accident for which the plaintiff lacks coverage by reason of the insolvency of the two unauthorized insurers occurred in Boston. The only risks covered by the Property/ Casualty Insurance Security Fund are those located in New York (Insurance Law § 7603; *Matter of Interstate Ins. Co. [Murphy Pac. Mar. Salvage Corp. (Merritt Div.)],* 47 NY2d 909). Therefore, the accident would not have been covered even if

the defendant had properly endorsed the policy with the information that the insurance was not protected by the Property/Casualty Insurance Security Fund, and the defendant's failure to do so was not the proximate cause of the injury sustained by the plaintiff *(Hotaling v Leach & Co.,* 247 NY 84). The plaintiff, a national construction company, asserts that had the defendant complied with its statutory duty of disclosure it would have then obtained insurance in each State in which it operates to ensure recourse to each State's security fund. This theory of recovery is, as a matter of law, too speculative and indeterminable to support the claim of injury *(200 E. End Ave. Corp. v General Elec. Co.,* 5 AD2d 415). As damage itself is an essential element necessary to support an action for damages for fraud, the plaintiff's action must fail. Therefore the court correctly dismissed the plaintiff's complaint for failure to state a cause of action. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.