■ EILEEN SOBERS, Plaintiff, v MARIE LOPRESTI, Defendant, and ELIZABETH BURKE et al., Defendants and Third-Party Plaintiffs-Respondents. VANGUARD INSURANCE COMPANY, Third-Party Defendant-Appellant. [725 NYS2d 856] —In an action to recover damages for personal injuries, in which the defendants Elizabeth Burke and Concetta Riggio commenced a third-party action for a judgment declaring that the third-party defendant, Vanguard Insurance Company, is obligated to defend and indemnify them in the action, the third-party defendant Vanguard Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), dated January 27, 2000, as granted the cross motion of the defendants third-party plaintiffs for summary judgment on the third-party complaint declaring that it is obligated to defend and indemnify them in the main action.

Ordered that the order is reversed insofar as appealed from, with costs, and the cross motion is denied.

The Supreme Court erred in granting summary judgment to the respondents declaring that the appellant is obligated to defend and indemnify them in the main action. Questions of fact exist as to whether the respondents timely notified the appellant in accordance with policy requirements, and as to whether the respondents demonstrated the existence of a good faith belief in their nonliability (*see, Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576; *Zadrima v PSM Ins. Cos.,* 208 AD2d 529; *Smalls v Reliable Auto Serv.,* 205 AD2d 523; *Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721). Furthermore, summary judgment should have been denied since substantial discovery remains outstanding (*see, Lantigua v Mallick,* 263 AD2d 467).

The respondents' remaining contentions are not properly before us. Ritter, J. P., Friedmann, McGinity and H. Miller, JJ., concur.