■ JOHN E. GENOVA et al., Plaintiffs, v REGAL MARINE INDUSTRIES, INC., et al., Defendants, and RSDEF CORP., Doing Business as DeFEO's MARINA, Defendant and Third-Party Plaintiff-Respondent. GREAT AMERICAN INSURANCE COMPANY, Third-Party Defendant-Appellant. [765 NYS2d 266] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated July 15, 2002, as, in effect, upon renewal and reargument, adhered to a determination in a prior order of the same

court dated November 27, 2001, denying that branch of its motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that where an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be given within a reasonable time under the facts and circumstances of each case, and the requirement operates as a condition precedent to coverage (*see White v City of New York*, 81 NY2d 955, 957 [1993]; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581 [1992]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). However, circumstances may exist that will excuse or explain the insured's delay in giving notice, such as a reasonable belief in nonliability, but the insured has the burden of demonstrating the reasonableness of the excuse (*see White v City of New York, supra* at 957; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra* at 441). The questions of whether there existed a good faith belief that the injured party would not seek to hold the insured liable and whether that belief was reasonable are questions of fact for the fact-finder (*see Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750 [1995]). Summary judgment on this issue may be granted in favor of the appellant insurance company only if the evidence, construing all inferences in favor of the respondent insured, establishes as a matter of law that the belief of the respondent insured that the plaintiffs in the underlying action would not assert claims against it was unreasonable or in bad faith (*see SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 584 [1998]).

The Supreme Court properly denied the appellant's motion for summary judgment. Triable issues of fact exist as to whether the respondent insured timely notified the appellant of the January 2, 1999, occurrence in accordance with the terms of the policy and whether it demonstrated the existence of a reasonable and good faith belief in its nonliability (*see Bassi v New York Ladder Corp.*, 289 AD2d 431 [2001]; *Robustelli v Chicago Ins. Co.*, 288 AD2d 456 [2001]; *Sobers v Lopresti*, 283 AD2d 633 [2001]; *Levine v Drake Manor*, 256 AD2d 448 [1998]). Prudenti, P.J., Altman, Smith and Adams, JJ., concur.