■ C.C.R. REALTY OF DUTCHESS, INC., et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, and ROSEMARY SPRINGER et al., Appellants. [766 NYS2d 856]—

In an action for a judgment declaring that the defendant New York Central Mutual Fire Insurance Company is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Springer v C.C.R. Realty of Dutchess,* pending in the Supreme Court, Dutchess County, under Index No. 2348/99, the defendants Rosemary Springer and Joseph Springer appeal from an order of the Supreme Court, Dutchess County (Dolan, J.), dated September 10, 2002, which granted the motion of the defendant New York Central Mutual Fire Insurance Company for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the defendant New York Central Mutual Fire Insurance Company is not obligated to defend and indemnify the plaintiffs in the underlying action.

Generally, the requirement that an insured provide notice of any occurrence to the insurance company within a reasonable

time is considered a condition precedent to the insurer's obligation to defend or indemnify the insured (*see White v City of New York,* 81 NY2d 955, 957 [1993]; *Brooks v Zurich-Am. Ins. Group,* 300 AD2d 176, 178 [2002]; *Pierre v Providence Wash. Ins. Co.,* 286 AD2d 139, 143 [2001], *affd* 99 NY2d 222 [2002]; *New York Cent. Mut. Fire Ins. Co. v Riley,* 234 AD2d 279 [1996]). Absent a showing of legal justification, the failure to comply with the notice condition vitiates coverage (*see Matter of Allcity Ins. Co.,* 78 NY2d 1054, 1055 [1991]; *Matter of Interboro Mut. Indem. Ins. Co. v Napolitano,* 232 AD2d 561, 562 [1996]; *Greater N.Y. Mut. Ins. Co. v Farrauto,* 136 AD2d 598, 599 [1988]). However, a failure to give notice may be excused when an insured has a reasonable belief of nonliability (*see White v City of New York, supra* at 957-958; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436 [1972]; *United Talmudical Academy of Kiryas Joel v Cigna Prop. & Cas. Co.,* 253 AD2d 423, 424 [1998]). The burden is on the insured to show the reasonableness of its belief, and whether that belief is reasonable is ordinarily a question for the trier of fact (*see United Talmudical Academy of Kiryas Joel v Cigna Prop. & Cas. Co., supra; Kreger Truck Renting Co. v American Guar. & Liab. Ins. Co.,* 213 AD2d 453 [1995]; *Argentina v Otsego Mut. Fire Ins. Co.,* 207 AD2d 816 [1994], *affd* 86 NY2d 748 [1995]).

However, the duty to give notice arises "when, from the information available relative to the accident, an insured could glean a reasonable possibility of the policy's involvement" (*Paramount Ins. Co. v Rosedale Gardens,* 293 AD2d 235, 239-240 [2002]). Furthermore, knowledge of an occurrence obtained by an agent charged with the duty to report such matters is imputed to the principal (*see White v City of New York, supra* at 958).

In the present case, the evidence established that the plaintiffs should have realized that there was a reasonable possibility of the subject policy's involvement once they learned about the accident and its surrounding circumstances. Having failed to offer a valid excuse as to why they waited approximately six months to inform their insurance agent of the occurrence (*see Paramount Ins. Co. v Rosedale Gardens, supra; Ciaramella v State Farm Ins. Co.,* 273 AD2d 831, 832 [2000]), the Supreme Court properly granted the insurer's motion for summary judgment (*see Sayed v Macari,* 296 AD2d 396 [2002]; *Lukralle v Durso Supermarkets,* 238 AD2d 318 [1997]).

The appellants' remaining contention is without merit.

We note that since this is a declaratory judgment action, the matter must be remitted for the entry of a judgment declaring that the defendant New York Central Mutual Fire Insurance

Company is not obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.