■ JORDAN CONSTRUCTION PRODUCTS CORPORATION, Respondent, v TRAVELERS INDEMNITY COMPANY OF AMERICA, Appellant, et al., Defendant. [789 NYS2d 298]—

In an action, inter alia, for a judgment declaring that the defendant Travelers Indemnity Company of America is obligated to defend and indemnify the plaintiff in an underlying action entitled *Walls v Turner Construction Company,* pending in the Supreme Court, New York County, under index No. 103185/01, the defendant Travelers Indemnity Company of America appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Costello, J.), entered December 22, 2003, as, upon a decision of the same court dated August 12, 2003, denied that branch of its cross motion which was for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the order and judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondent.

On August 21, 1999, Timothy Walls, an employee of Diamond Storefronts, Inc. (hereinafter Diamond), was injured when he fell from a second-story ledge while erecting a scaffold during a school renovation project. Turner Construction Company (here-

inafter Turner) was the construction manager on the project. The plaintiff, Jordan Construction Products Corporation (hereinafter Jordan), was performing window replacement work at the school pursuant to a prime contract with the Massapequa Union Free School District, and Diamond was hired by Jordan as a subcontractor to install curtain walls. Although Jordan was immediately aware of the accident, it did not notify the defendant Travelers Indemnity Company of America (hereinafter Travelers), its liability insurer, until March 21, 2001, following its receipt of notice that Walls and his wife commenced an action in the Supreme Court, New York County, against it and Turner to recover damages, inter alia, for personal injuries, alleging common-law negligence and Labor Law causes of action.

Jordan commenced this action seeking, inter alia, a judgment declaring that Travelers is obligated to defend and indemnify it. The Supreme Court denied Jordan's motion for summary judgment and Travelers' cross-motion for summary judgment on the issue of whether Travelers properly disclaimed coverage, finding questions of fact as to the reasonableness of Jordan's delay in giving Travelers notice of the occurrence. Travelers appealed and Jordan cross-appealed. This Court granted Jordan's application to withdraw its cross appeal. We affirm insofar as appealed from.

Travelers established its prima facie entitlement to judgment as a matter of law by demonstrating that Jordan failed to provide it with notice of the occurrence until 19 months after the accident (*see White v City of New York,* 81 NY2d 955, 957 [1993]; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576, 581 [1992]). After construing all reasonable inferences in favor of the insured plaintiff (*see Genova v Regal Mar. Indus.,* 309 AD2d 733, 734 [2003]), we find that Jordan raised a triable issue of fact as to whether its delay in giving notice of the occurrence to Travelers was reasonably founded upon a good faith belief in its non-liability and upon the injured party's purported representation that he did not intend to sue Jordan (*see Argentina v Otsego Mut. Fire Ins. Co.,* 86 NY2d 748, 750 [1995]; *D'Aloia v Travelers Ins. Co.,* 85 NY2d 825, 826 [1995]; *Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801 [1982]; *Kaliandasani v Otsego Mut. Fire Ins. Co.,* 256 AD2d 310, 311 [1998]; *Sphere Drake Ins. Co. v Aspen Tree Specialists,* 234 AD2d 358 [1996]). Smith, J.P., Crane, Mastro and Skelos, JJ., concur.