[833 NE2d 1196, 800 NYS2d 521]

GREAT CANAL REALTY CORP., Respondent, v SENECA INSURANCE COMPANY, INC., Appellant.

Decided June 16, 2005

## APPEARANCES OF COUNSEL

*Tese & Milner*, New York City (*Michael M. Milner* of counsel), for appellant.

*Alexander J. Wulwick*, New York City, for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, defendant's motion for summary judgment granted and judgment granted declaring that defendant Seneca Insurance Company is not required to defend and indemnify Great Canal Realty Corp. in the underlying action. The certified question should be answered in the negative.

Where a policy of liability insurance requires that notice of an occurrence be given "as soon as practicable," such notice must be accorded the carrier within a reasonable period of time (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]). The insured's failure to satisfy the notice requirement constitutes "a failure to comply with a condition precedent which, as a matter of law, vitiates the contract" (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]). Hence, the carrier need not show prejudice before disclaiming based on the insured's failure to timely notify it of an occurrence (*see id.*).

We have recognized that there may be circumstances that excuse a failure to give timely notice, such as where the insured has "a good-faith belief of nonliability," provided that belief is reasonable (*Security Mut. Ins. Co.*, 31 NY2d at 441). But we

have further explained that "the insured's belief must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence" (*id.*; *see also White v City of New York*, 81 NY2d 955, 958 [1993] [stating that, "where a reasonable person could envision liability, that person has a duty to make some inquiry"]). Additionally, the insured bears the burden of establishing the reasonableness of the proffered excuse. Under the facts and circumstances of this case, plaintiff has failed to raise a triable issue of fact as to whether its delay in giving notice was reasonably founded upon a good-faith belief of nonliability.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur in memorandum.

On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.