■ 120 WHITEHALL REALTY ASSOCIATES, LLC, Appellant, v HERMITAGE INSURANCE COMPANY, Respondent, and GROBER-IMBEY AGENCY, INC., Defendant and Third-Party Plaintiff-Respondent. BROKERS FACILITIES CORP., Third-Party Defendant-Respondent. [835 NYS2d 715]—

In an action, inter alia, in effect, for a judgment declaring that the defendant Hermitage Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled *Godoy v Baisley Lumber Corporation*, pending in the Supreme Court, Nassau County, under index No. 006913/02, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), entered November 10, 2005, as granted the motion of the defendant Hermitage Insurance Company for summary judgment, and the separate motion of the defendant third-party plaintiff Grober-Imbey Agency, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant Hermitage Insurance Company is not obligated to defend or indemnify the plaintiff in the underlying personal injury action entitled *Godoy v Baisley Lumber Corporation*, pending in the Supreme Court, Nassau County, under index No. 006913/02.

On January 18, 2002 Juan Godoy, the plaintiff in the underlying personal injury action entitled *Godoy v Baisley Lumber Corporation*, allegedly was injured while performing work on certain premises for an independent construction company hired by the plaintiff in this action, 120 Whitehall Realty Associates, LLC (hereinafter Whitehall). The two principals of Whitehall admittedly were aware of the accident on the same day as it occurred. However, the defendant Hermitage Insurance Company (hereinafter Hermitage), which insured the premises, did not receive notice of the occurrence until more than $2^{1}/_{2}$ months later. Hermitage subsequently disclaimed coverage for the occurrence, inter alia, for lack of timely notice of the occurrence as required by the policy it issued to Whitehall.

Whitehall commenced this action against Hermitage and the defendant Grober-Imbey Agency, Inc. (hereinafter Grober), in effect, seeking a judgment declaring that Hermitage was required to defend and indemnify it in the underlying action. It also sought damages from Grober for its alleged negligence in procuring an inadequate policy of insurance. Grober subsequently impleaded the third-party defendant Brokers Facilities Corp. (hereinafter BFC), seeking contribution or indemnification from BFC in the event that it was found liable to Whitehall, based upon the allegation that BFC participated in the determi-

nation to insure the premises as vacant. Upon motions and cross motions by all parties for summary judgment, the Supreme Court granted the motion of Hermitage for summary judgment and the separate motion of Grober for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, denied Whitehall's cross motion for summary judgment, and denied, as academic, BFC's cross motion for summary judgment dismissing the third-party complaint. Whitehall appeals from so much of the order as granted the separate motions of Hermitage and Grober. We affirm the order insofar as appealed from.

The Supreme Court properly granted the motion of Hermitage for summary judgment. "Where an insurance policy requires that notice of an occurrence be given promptly, notice must be given within a reasonable time in view of all of the facts and circumstances" (*Eagle Ins. Co. v Zuckerman*, 301 AD2d 493, 495 [2003]; *see Mason v Allstate Ins. Co.*, 12 AD2d 138, 146 [1960]). Absent a valid excuse for a delay in furnishing notice, such as a good faith belief in nonliability, failure to satisfy the notice requirement vitiates coverage (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743-744 [2005]). Where a broker is an agent of the insured, notice to the broker cannot be deemed notice to the insurer (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 442 n 3 [1972]; *MTO Assoc., Ltd. Partnership v Republic-Franklin Ins. Co.*, 21 AD3d 1008 [2005]; *Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co.*, 199 AD2d 374, 376 [1993]). Furthermore, construing all inferences in favor of the insured, the evidence establishes as a matter of law that 120 Whitehall's alleged belief in its nonliability was unreasonable (*see Genova v Regal Mar. Indus.*, 309 AD2d 733, 734 [2003]) and a prudent insured "should have realized that there was a reasonable possibility of the subject policy's involvement" (*C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304, 305 [2003]).

Accordingly, under the circumstances of this case, Whitehall failed to provide a valid excuse for its delay of over 2¹/₂ months in notifying Hermitage of the occurrence. Thus, Whitehall's submissions were insufficient to defeat Hermitage's showing of its entitlement to summary judgment (*id.*; *see Rondale Bldg. Corp. v Nationwide Prop. & Cas. Ins. Co.*, 1 AD3d 584, 585-586 [2003]). In light of this determination, we need not reach Whitehall's contentions regarding the other bases for Hermitage's disclaimer of coverage.

The Supreme Court also properly granted Grober's motion for summary judgment since, under the circumstances of this

case, "the conduct complained of, even if constituting negligence, was not a proximate cause of the [plaintiff's alleged injuries]" (*Hersman v Hadley*, 235 AD2d 714, 718 [1997]; *see Universal Bldrs. Supply v Bayly, Martin & Fay*, 150 AD2d 365, 365-366 [1989]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant Hermitage Insurance Company is not obligated to defend and indemnify the plaintiff in the underlying personal injury action entitled *Godoy v Baisley Lumber Corporation* (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Crane, J.P., Florio, Angiolillo and Dickerson, JJ., concur.