■ SputNik Restaurant Corp. et al., Appellants, v United National Insurance Company, Respondent, and Giacomo Camarda et al., Appellants. [878 NYS2d 428]—

In an action for a judgment declaring the rights and obligations of the parties with respect to a commercial liability insurance policy, the plaintiffs appeal, and the defendants Giacomo Camarda and Raffaela Camarda separately appeal, from an order of the Supreme Court, Queens County (Satterfield, J.), dated May 15, 2008, which granted the motion of the defendant United National Insurance Company for summary judgment declaring that it is not obligated to defend and indemnify them in an action entitled *Camarda v Esquire Diner*, pending in the Supreme Court, Queens County, under index No. 22426/05.

Ordered that the order is affirmed, with costs, the action against the defendant United National Insurance Company is severed, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action.

" 'Where an insurance policy requires that notice of an occurrence be given promptly, notice must be given within a reasonable time in view of all of the facts and circumstances' " (*Zeldin v Interboro Mut. Indem. Ins. Co.*, 44 AD3d 652, 652 [2007], quoting *Eagle Ins. Co. v Zuckerman*, 301 AD2d 493, 495 [2003]; *see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *White v City of New York*, 81 NY2d 955, 957 [1993]). The requirement that an insured comply with the notice provision of an insurance policy operates as a condition precedent to coverage (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]; *Quality Invs., Ltd. v Lloyd's London, England*, 11 AD3d 443 [2004]). Absent a valid excuse for a delay in furnishing notice, failure to satisfy the notice requirement vitiates coverage (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Eagle Ins. Co. v Zuckerman*, 301 AD2d at 495).

Here, the defendant United National Insurance Co. (hereinafter United) established its prima facie entitlement to judgment as a matter of law by demonstrating that it was not notified of the accident until approximately 11 months had elapsed (*see White v City of New York*, 81 NY2d at 957; *Jordan Constr. Prods.*

*Corp. v Travelers Indem. Co. of Am.,* 14 AD3d 655, 656 [2005]). Once United established its prima facie entitlement to judgment, the burden shifted to the plaintiffs to raise a triable issue of fact as to whether there existed a reasonable excuse for their delay in notifying United (*see Argentina v Otsego Mut. Fire Ins. Co.,* 86 NY2d 748, 750 [1995]). The plaintiffs failed to do so (*see Seneca Ins. Co. v W.S. Distrib., Inc.,* 40 AD3d 1068, 1070 [2007]; *Blue Ridge Ins. Co. v Biegelman,* 36 AD3d 736 [2007]).

Moreover, although an injured party has an independent right to give notice to an insurer, and is not to be charged vicariously with an insured's delay (*see* Insurance Law § 3420 [a]; *Maldonado v C.L.-M.I. Props., Inc.,* 39 AD3d 822, 823 [2007]; *Seneca Ins. Co. v W.S. Distrib., Inc.,* 40 AD3d at 1070; *Becker v Colonial Coop. Ins. Co.,* 24 AD3d 702, 704 [2005]), here, the injured defendants, Giacomo Camarda and Raffaela Camarda, did not exercise their right to timely notify United of their claim. Accordingly, the Supreme Court properly granted summary judgment to United declaring that it is not obligated to defend and indemnify the plaintiffs.

Since this is a declaratory judgment action, the matter must be severed against United and remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur.