■ PONOK REALTY CORP., Appellant, v UNITED NATIONAL SPECIALTY INSURANCE COMPANY, Respondent. [893 NYS2d 125]—

The plaintiff's argument that the "prejudice" rule articulated in Insurance Law § 3420 (c) (2) (A), governs this case is unavailing. A 2008 amendment to Insurance Law § 3420 (c) (2) (A) (*see* L 2008, ch 388, § 4) provides that where "an insurer alleges that it was prejudiced as a result of a failure to provide timely notice, the burden shall be on . . . the insurer to prove that it has been prejudiced" if the notice was provided within two years of the time required under the policy (*see* Insurance Law § 3420 [c] [2] [A] [i]). However, it is clear from section 8 of the act amending Insurance Law § 3420 that the amendments were to "apply to policies issued or delivered in this state on or after [January 17, 2009]" (Historical and Statutory Notes, McKin-

ney's Cons Laws of NY, Book 27, Insurance Law § 3420, 2009 Pocket Part, at 15, quoting L 2008, ch 388, § 8; *see generally Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y.,* 86 NY2d 198, 204 [1995]). The insurance policy issued by the defendant to the plaintiff was effective from October 3, 2003, until October 3, 2004. Since the policy was issued before the effective date of the relevant amendment to Insurance Law § 3420, the amended version of that section does not apply to the subject insurance policy.

Moreover, the plaintiff's argument that notice of a potential claim was given to the defendant "as soon as practicable" is similarly unconvincing. Where an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be given within a reasonable time in view of all of the circumstances (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d 742, 743 [2005]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.,* 40 AD3d 719, 721 [2007]; *Genova v Regal Mar. Indus.,* 309 AD2d 733, 734 [2003]). "The insured's failure to satisfy the notice requirement constitutes 'a failure to comply with a condition precedent which, as a matter of law, vitiates the contract' " (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d at 743, quoting *Argo Corp. v Greater N.Y. Mut. Ins. Co.,* 4 NY3d 332, 339 [2005]; *see Sputnik Rest. Corp. v United Natl. Ins. Co.,* 62 AD3d 689 [2009]). "[C]ircumstances may exist that will excuse or explain the insured's delay in giving notice, such as a reasonable belief in nonliability" (*Genova v Regal Mar. Indus.,* 309 AD2d at 734; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d at 743-744; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.,* 1 AD3d 304, 305 [2003]).

In general, the existence of a good faith belief that the injured party would not seek to hold the insured liable, and the reasonableness of such belief, are questions of fact for the fact-finder (*see Genova v Regal Mar. Indus.,* 309 AD2d at 734; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.,* 1 AD3d at 305). The burden of demonstrating the reasonableness of the excuse lies with the insured (*see Genova v Regal Mar. Indus.,* 309 AD2d at 734). Nevertheless, summary judgment may be awarded to the insurer if, construing all inferences in favor of the insured, the evidence establishes, as a matter of law, that the insured's belief in nonliability was unreasonable or in bad faith (*see 120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.,* 40 AD3d at 721; *Genova v Regal Mar. Indus.,* 309 AD2d at 734).

Here, the defendant established its prima facie entitlement to

judgment as a matter of law by demonstrating that it was not notified of the subject property damage claim until more than one year had elapsed since the plaintiff received notice of such claim from its tenant (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d at 743; *Sputnik Rest. Corp. v United Natl. Ins. Co.,* 62 AD3d at 689; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.,* 40 AD3d at 721; *Genova v Regal Mar. Indus.,* 309 AD2d at 734). In opposition, the plaintiff failed to raise a triable issue of fact as to whether its belief that its tenant would not file a claim was reasonable. In construing all inferences in favor of the insured, the evidence established, as a matter of law, that the plaintiff's belief in nonliability was unreasonable (*see 120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.,* 40 AD3d at 721; *Genova v Regal Mar. Indus.,* 309 AD2d at 734). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to defend and indemnify Ponok Realty Corp. in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Fisher, Belen and Austin, JJ., concur. **[Prior Case History: 2008 NY Slip Op 31819(U).]**