■ BIGMAN BROTHERS, INC., Appellant, v QBE INSURANCE CORPORATION, Respondent. [904 NYS2d 439]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Pfister v 44 Crosby St. Realty, LLC*, pending in the Supreme Court, Kings County, under index No. 36660/06, the plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), dated February 23, 2009, which

granted the defendant's motion for summary judgment declaring that it is not so obligated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action entitled *Pfister v 44 Crosby St. Realty, LLC*, pending in the Supreme Court, Kings County, under index No. 36660/06.

Where an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be given within a reasonable time in view of all of the circumstances (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596, 597 [2010]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719, 721 [2007]; *Genova v Regal Mar. Indus.*, 309 AD2d 733, 734 [2003]). "The insured's failure to satisfy the notice requirement constitutes 'a failure to comply with a condition precedent which, as a matter of law, vitiates the contract' " (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743, quoting *Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689 [2009]). "[C]ircumstances may exist that will excuse or explain the insured's delay in giving notice, such as a reasonable belief in nonliability" (*Genova v Regal Mar. Indus.*, 309 AD2d at 734; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743-744; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304, 305 [2003]). The burden of demonstrating the reasonableness of the excuse lies with the insured (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Genova v Regal Mar. Indus.*, 309 AD2d at 734).

In general, the existence of a good faith belief that the injured party would not seek to hold the insured liable, and the reasonableness of such belief, are questions of fact for the factfinder (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Genova v Regal Mar. Indus.*, 309 AD2d at 734; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d at 305). Nevertheless, summary judgment may be awarded to the insurer if, construing all inferences in favor of the insured, the evidence establishes, as a matter of law, that the insured's belief in nonliability was unreasonable or in bad faith (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *120 Whitehall Realty Assoc., LLC v Hermitage*

*Ins. Co.*, 40 AD3d at 721; *Genova v Regal Mar. Indus.*, 309 AD2d at 734).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it was not notified of the accident until more than three years had elapsed (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d at 689-690; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d at 721).

Consequently, the burden shifted to the plaintiff to raise a triable issue of fact as to whether there existed a reasonable excuse for its delay in notifying the defendant (*see Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689 [2009]; *see also Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597). Under the circumstances here, construing all inferences in favor of the plaintiff, the evidence established, as a matter of law, that the plaintiff's asserted belief in nonliability was unreasonable (*see Scordio Constr., Inc. v Sirius Am. Ins. Co.*, 51 AD3d 768 [2008]; *Macro Enters., Ltd. v QBE Ins. Corp.*, 43 AD3d 728 [2007]; *see also Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d at 721). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 598). Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.