■ COURDUFF'S OAKWOOD ROAD GARDENS & LANDSCAPING COMPANY, INC., Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant. [922 NYS2d 212]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Molion v Courduff's Oakwood Road Gardens & Landscape Co.*, pending in the United States District Court for the Eastern District of New York under civil index number 07-01168, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley Jr., J.), dated August 18, 2010, as denied its cross motion for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be given within a reasonable time in view of all of the circumstances (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005] [internal quotation marks omitted]; *see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596, 597 [2010]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719, 721 [2007]; *Genova v Regal Mar. Indus.*, 309 AD2d 733, 734 [2003]). "The insured's failure to satisfy the notice require-

ment constitutes 'a failure to comply with a condition precedent which, as a matter of law, vitiates the contract' " (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743, quoting *Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689 [2009]). "[C]ircumstances may exist that will excuse or explain the insured's delay in giving notice, such as a reasonable belief in nonliability" (*Genova v Regal Mar. Indus.*, 309 AD2d at 734; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743-744; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304, 305 [2003]). The burden of demonstrating the reasonableness of the excuse lies with the insured (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Genova v Regal Mar. Indus.*, 309 AD2d at 734).

In general, the existence of a good faith belief that the injured party would not seek to hold the insured liable, and the reasonableness of such belief, are questions of fact for the factfinder (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Genova v Regal Mar. Indus.*, 309 AD2d at 734; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d at 305). Nevertheless, summary judgment may be awarded to the insurer if, construing all inferences in favor of the insured, the evidence establishes, as a matter of law, that the insured's belief in nonliability was unreasonable or in bad faith (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d at 721; *Genova v Regal Mar. Indus.*, 309 AD2d at 734).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff had immediate notice of the accident and resulting injury that occurred on its premises but failed to notify the defendant of this occurrence until 19 months later (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030 [2007]). Consequently, the burden shifted to the plaintiff to raise a triable issue of fact as to whether there existed a reasonable excuse for its delay in notifying the defendant (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597). Under the circumstances here, construing all inferences in favor of the plaintiff, the plaintiff raised a triable issue of fact as to whether its delay in giving notice of the occurrence to the defendant was

reasonably founded upon a good faith belief that no lawsuit would be commenced against it (*see Klersy Bldg. Corp. v Harleysville Worcester Ins. Co.*, 36 AD3d 1117 [2007]; *Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am.*, 14 AD3d 655 [2005]; *see also Merchants Mut. Ins. Co. v Hoffman*, 56 NY2d 799 [1982]; *Sphere Drake Ins. Co. v Aspen Tree Specialists*, 234 AD2d 358, 359 [1996]). Accordingly, the Supreme Court properly denied the defendant's cross motion for summary judgment declaring that it was not obligated to defend or indemnify the plaintiff in the underlying action. Angiolillo, J.P., Florio, Lott and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32215(U).]**