■ FINE LINE BUILDERS & REMODELERS, INC., Appellant, v ATLANTIC CASUALTY INSURANCE COMPANY, Respondent. [934 NYS2d 320]—

The defendant, Atlantic Casualty Insurance Company (hereinafter Atlantic), established, prima facie, its entitlement to judgment as a matter of law by showing that it properly disclaimed coverage on the ground of late notice of the underlying accident (*see Ciampa 21, LLC v QBE Ins. Corp.*, 81 AD3d 586 [2011]; *Lobosco v Best Buy, Inc.*, 80 AD3d 728 [2011]; *Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d 1110, 1112 [2010]; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689 [2009]; *St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030, 1032 [2007]; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459 [2006]; *Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am.*, 14 AD3d 655 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d at 1112; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689 [2009]). The plaintiff's claim that it had a reasonable, good faith belief in nonliability was belied by its failure to

inquire into the circumstances of the accident at issue in the underlying action (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *Hanson v Turner Constr. Co.*, 70 AD3d 641 [2010]; *York Speciality Food, Inc. v Tower Ins. Co. of N.Y.*, 47 AD3d 589, 590 [2008]; *St. Nicholas Cathedral of Russian Orthodox Church in N. Am. v Travelers Prop. Cas. Ins. Co.*, 45 AD3d 411 [2007]; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d at 461). Accordingly, the Supreme Court properly granted Atlantic's cross motion for summary judgment and, for the same reason, properly denied the plaintiff's motion for summary judgment (*see Zimmerman v Peerless Ins. Co.*, 85 AD3d 1021 [2011]; *Magistro v Buttered Bagel, Inc.*, 79 AD3d 822 [2010]; *Hanson v Turner Constr. Co.*, 70 AD3d 641 [2010]). Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.