■ LANCER INSURANCE COMPANY, Respondent, v SUPER VALUE, INC., Appellant, et al., Defendant. [946 NYS2d 213]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Super Value, Inc., in an underlying action entitled *Seda v Super Value, Inc.*, commenced in the Supreme Court, Bronx County, under index No. 309310/08, the defendant Super Value, Inc., appeals from an order of the Supreme Court, Nassau County (Brown, J.), entered August 8, 2011, which granted the plaintiff's motion for summary judgment declaring that the plaintiff is not obligated to defend or indemnify it in the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Super Value, Inc., in the underlying action.

The plaintiff established, prima facie, its entitlement to judgment as a matter of law by showing that it properly disclaimed coverage on the ground of late notice of the underlying accident (*see Ciampa 21, LLC v QBE Ins. Corp.*, 81 AD3d 586 [2011]; *Lobosco v Best Buy, Inc.*, 80 AD3d 728, 731-732 [2011]; *Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d 1110, 1112 [2010]; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689 [2009]; *St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030, 1032 [2007]; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459, 461 [2006]; *Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am.*, 14 AD3d 655, 656 [2005]). In opposition, the defendant Super Value, Inc. (hereinafter Super Value), failed to raise a triable issue of fact (*see Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d at 1112; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d at 690). Super Value's contention that it had a reasonable, good faith belief in nonliability was belied by its failure to inquire into the circumstances of the accident at issue in the underlying action (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *Hanson v Turner Constr. Co.*, 70 AD3d 641, 643 [2010]; *York Speciality Food, Inc. v Tower Ins. Co. of N.Y.*, 47 AD3d 589, 590 [2008]; *St. Nicholas*

*Cathedral of Russian Orthodox Church in N. Am. v Travelers Prop. Cas. Ins. Co.*, 45 AD3d 411, 412 [2007]; *Felix v Pinewood Bldrs., Inc.*, 30 AD3d at 461). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment (*see Zimmerman v Peerless Ins. Co.*, 85 AD3d 1021, 1024-1025 [2011]; *Magistro v Buttered Bagel, Inc.*, 79 AD3d 822, 825 [2010]; *Hanson v Turner Constr. Co.*, 70 AD3d at 643).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Super Value, Inc., in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.