■ ASPEN INSURANCE UK LIMITED, Appellant, v REY J. NIETO et al., Respondents, et al., Defendant. [27 NYS3d 52]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Rey J. Nieto and 141-12 84th Drive Realty, LLC, in an underlying personal injury action entitled *Novillo v 141-12 84th Dr. Realty, LLC*, pending in the Supreme Court, Queens County, under index No. 25789/11, the plaintiff appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), dated August 1, 2013, which denied its motion for summary judgment declaring that it is not obligated to defend or indemnify the defendants Rey J. Nieto and 141-12 84th Drive Realty, LLC, in the underlying action.

Ordered that the order is affirmed, with costs.

Where, as here, an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be given within a reasonable time in view of all of the circumstances (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596, 597 [2010]; *120 Whitehall*

*Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719, 721 [2007]; *Genova v Regal Mar. Indus.*, 309 AD2d 733, 734 [2003]). "However, circumstances may exist that will excuse or explain the insured's delay in giving notice, such as a reasonable belief in nonliability" (*Genova v Regal Mar. Indus.*, 309 AD2d at 734; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743-744; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304, 305 [2003]). It is the insured's burden to demonstrate the reasonableness of the excuse (*see Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d 1110, 1111 [2010]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Genova v Regal Mar. Indus.*, 309 AD2d at 734).

In general, whether there existed a good faith belief that the injured party would not seek to hold the insured liable, and whether that belief was reasonable, are questions of fact for the factfinder (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d at 305; *Genova v Regal Mar. Indus.*, 309 AD2d at 734). Summary judgment may be granted in favor of the insurer only if the evidence, construing all inferences in favor of the insured, establishes as a matter of law that the insured's belief in nonliability was unreasonable or in bad faith (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689, 689-690 [2009]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d at 721; *Genova v Regal Mar. Indus.*, 309 AD2d at 734).

Here, the plaintiff, an insurer, moved for summary judgment declaring that it is not obligated to defend or indemnify the defendants Rey J. Nieto and 141-12 84th Drive Realty, LLC (hereinafter the insured defendants), in an underlying personal injury action pending in the Supreme Court, Queens County. The plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the insured defendants were notified of the injured party's workers' compensation claim approximately 17 months before they notified the plaintiff of the occurrence (*see Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d at 690; *see also Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597-598). Since the subject insurance policies were issued in 2008, prior to the amendment to Insurance Law § 3420 (for policies issued after January 17, 2009), the plaintiff did not have to show that it was prejudiced by the failure to provide timely notice in order to satisfy its prima facie burden (*see* Insurance Law § 3420 [c]

[2] [A]; *Guideone Ins. Co: v Darkei Noam Rabbinical Coll.*, 120 AD3d 625, 627 [2014]).

In opposition, however, the insured defendants raised a triable issue of fact as to whether the delay was reasonably based on a good-faith belief of nonliability (*see Columbia Univ. Press, Inc. v Travelers Indem. Co. of Am.*, 89 AD3d 667, 668 [2011]; *25th Ave., LLC v Delos Ins. Co.*, 84 AD3d 781, 783-784 [2011]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify the insured defendants in the underlying action. Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.