Patrick v 278 8th Assoc. (2024 NY Slip Op 06012)

Patrick v 278 8th Assoc.

2024 NY Slip Op 06012

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Index No. 25885/17 Appeal No. 3146 Case No. 2023-05218 

[*1]Matthew E. Patrick, Plaintiff-Respondent-Appellant,
v
278 8th Associates, et al., Defendants-Respondents-Appellants.

278 8th Associates, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Gap, Inc., Third-Party Defendant-Appellant-Respondent.

The Law Office of Michael J. Prisco PLLC, Melville (Michael J. Prisco of counsel), for GAP, Inc., appellant-respondent.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for Matthew E. Patrick, respondent-appellant.
Varvaro, Cotter & Bender, White Plains (Rose M. Cotter of counsel), for 278 8th Associates, 278 8th Avenue Associates LLC, John Q. Aymar Corporation, Jack Jemal, Midboro Management Inc., respondents-appellants.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered October 12, 2023, which, to the extent appealed from as limited by the briefs, denied in part the motion of defendants/third-party plaintiffs 278 8th Associates, 278 8th Avenue Associates LLC, John Q. Aymar Corporation, Jack Jemal and Midboro Management Inc. (collectively, defendants) for summary judgment dismissing the complaint and denied the cross-motion of third-party defendant Gap for summary judgment dismissing the third-party complaint, unanimously modified, on the law, defendants' motion for summary judgment denied in its entirety and Gap's cross-motion for summary judgment dismissing the third-party complaint granted, and otherwise affirmed, without costs.
Plaintiff was injured when a piece of basement ceiling fell on him while he was working at retail clothing store Gap. At the time of the incident, Gap was a tenant of landlord 278 8th Associates, LLC, the successor in interest to 278 8th Associates.
Defendants sustained their prima facie burden of demonstrating that they did not create the allegedly defective ceiling or have notice of any defect. According to the terms of the lease, which defendants submitted on their motion, Gap was required to maintain the interior nonstructural portions of the premises. Defendants also submitted a report from their expert, licensed engineer Rudi O. Sherbansky, who opined that any defect in the ceiling was latent and nonstructural. Furthermore, deposition testimony established that the landlord did not receive any complaints about a defect in the ceiling. (see Singh v United Cerebral Palsy of N.Y. City, Inc., 72 AD3d 272, 275 [1st Dept 2010]).
In opposition, however, plaintiff raised an issue of fact as to whether defendants created the defect or had notice of it, thus precluding summary judgment on that issue. Plaintiff submitted his own testimony and that of his coworker, both of whom stated that they saw holes, cracks, and patchwork in the basement ceiling before the accident. Plaintiff also relied on the report of his expert, licensed engineer Joseph Farahnik, who opined that the holes and cracks in the ceiling would alert anyone inspecting it that it was defective and in need of repair (see Bentley v All-Star, Inc., 179 AD3d 618, 619 [1st Dept 2020]). This opinion conflicts with Sherbansky's, thus creating an issue of fact as to whether the defect in the ceiling was latent. Furthermore, both Farahnik and Sherbansky noted that the portion of the ceiling that fell had undergone prior work that may have caused it to fall, giving rise to a question of fact as to who created the defect. Although neither expert made reference to generally accepted standards or codes, both experts are licensed engineers entitled to give opinions as to defects (see Cuevas v City of New York, 32 AD3d 732, 734 [1st Dept 2006]).
In addition, the record presents issues of fact on whether defendants exerted exclusive control over the basement ceiling [*2]which is required to support plaintiff's res ipsa loquitur theory of negligence. Although 278 8th Associates LLC was an out-of-possession landlord, the lease preserved the landlord's right to enter the property and obligated it to make certain repairs. Under these circumstances, there is a rational basis for concluding that it was more likely than not that defendants negligently performed work on the area of the ceiling that later fell on plaintiff (see Crawford v City of New York, 53 AD3d 462, 464 [1st Dept 2008]).
Furthermore, Supreme Court should have granted Gap's motion for summary judgment dismissing the third-party complaint. As an initial matter, contrary to Gap's argument, defendants established privity of contract with Gap by submitting the affidavit of Jack Jemal, the building manager, who stated that 278 Eighth Associates was incorrectly sued as 278 8th Associates. Given that the parties were in privity, defendants could seek to enforce the indemnification clause in the lease (see Vargas v New York City Tr. Auth., 60 AD3d 438, 440 [1st Dept 2009]).
Nevertheless, the indemnification clause required "prompt notice" of any claims or proceedings "for which the [i]ndemnitee requests indemnification," and defendants did not give prompt notice (see Deso v London & Lancashire Indem. Co. of Am., 3 NY2d 127, 129 [1957]; Sputnik Rest. Corp. v United Natl. Ins. Co., 62 AD3d 689, 689 [2d Dept 2009]). On the contrary, Gap did not receive notice of plaintiff's action until defendants commenced the third-party action a year and four months later. We reject defendants' argument that Gap failed to cooperate in scheduling an inspection of the premises, as the landlord had a right to entry under the lease (see id.; see also SSBSS Realty Corp. v Public Service Mut. Ins. Co., 253 AD2d 583, 585 [1st Dept 1998]).
Because defendants did not oppose those branches of Gap's summary judgment motion dismissing their causes of action for common-law indemnification, contribution, and failure to procure insurance, those causes of action were properly dismissed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024