■ MORRISANIA TOWERS HOUSING COMPANY LIMITED PARTNERSHIP et al., Respondents, v LEXINGTON INSURANCE COMPANY, Appellant. [963 NYS2d 4]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about April 3, 2012, which denied defendant's motion to dismiss the complaint, and granted plaintiffs' cross motion for summary judgment declaring that defendant is obligated to defend and indemnify plaintiffs Morrisania Towers Housing Company Limited Partnership and NHPMN Manage-

ment, LLC in the underlying personal injury action, and that the coverage under the policy issued by plaintiff Liberty Mutual Insurance Company is excess to the coverage under the policy issued by defendant, and so declared, unanimously affirmed, with costs.

The June 8, 2005 letter by which the underlying plaintiff's counsel first notified Morrisania of the claim against it stated that the underlying plaintiff sought damages for personal injuries he sustained due to the negligent ownership, operation, and control of Morrisania's premises, which were managed and operated by NHPMN. By making specific reference to NHPMN's functions, i.e., operation and control, with respect to the premises, this letter constituted a written claim against NHPMN as well.

Although the notice provisions of the insurance policy issued by defendant were set forth under the caption, "Insuring Agreement," the notice requirement was a condition precedent to coverage, not an element of coverage (see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742 [2005]). Thus, the requirement was waivable, and the motion court correctly found that defendant waived it. Defendant had all the information it needed to disclaim coverage based on late notice as of June 8, 2009, the date on which it received the tender letter from counsel for Morrisania and NHPMN (which had learned five days earlier that a policy naming them as additional insureds had been issued by defendant to nonparty McRoberts Protective Agency, Inc., the company that provided security services at the premises). However, defendant did not issue a disclaimer letter until July 30, 2010, nearly 13 months later, and it offered no justification for the delay (see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64 [2003]; Hunter Roberts Constr. Group, LLC v Arch Ins. Co., 75 AD3d 404, 408-409 [1st Dept 2010]).

In contrast to the policy issued by defendant, the Liberty Mutual policy states, "We will pay those sums in excess of the 'Self-Insured Amount' that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'property damage' to which this excess insurance applies." Moreover, the Liberty Mutual policy "expressly negates contribution with other carriers, [and] manifests that it is intended to be excess over other excess policies" (see State Farm Fire & Cas. Co. v LiMauro, 65 NY2d 369, 375-376 [1985]). Thus, coverage under the Liberty Mutual policy is excess over all other coverage, including other excess coverage, and the policy was not intended to apply until after the exhaustion of the limits of the policy issued by defendant. Concur—Friedman, J.P., Saxe, Moskowitz,

DeGrasse and Román, JJ. **[Prior Case History: 35 Misc 3d 1214(A), 2012 NY Slip Op 50700(U).]**