GONZALO FIGUEROA et al., Appellants-Respondents, v UTICA NATIONAL INSURANCE GROUP et al., Respondents, ARIANNA BONETTI, Respondent-Appellant, et al., Defendants. [792 NYS2d 556]—

In an action, inter alia, for a judgment declaring that the defendants Utica National Insurance Group and Utica Mutual Insurance Company are obligated to defend and indemnify the plaintiffs in an underlying action entitled *Bonetti v Figueroa*, pending in the Supreme Court, Suffolk County, under index No. 22894/00, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated August 25, 2003, which denied their cross motion for summary judgment and granted the motion of the defendants Utica National Insurance Group and Utica Mutual Insurance Group for summary judgment, and the defendant Arianna Bonetti cross-appeals from the same order.

Ordered that the cross appeal is dismissed on the ground that the defendant Arianna Bonetti is not aggrieved by the order cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendants Utica National Insurance Group and Utica Mutual Insurance Company are not obligated to defend and indemnify the plaintiffs in the underlying action entitled *Bonetti v Figueroa*, pending in the Supreme Court, Suffolk County, under index No. 22894/00.

A duty to give an insurer notice arises "when, from the information available relative to the accident, an insured could glean

a reasonable possibility of the policy's involvement" (*Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 239-240 [2002]; *see C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304 [2003]). Here, the appellants-respondents should have realized that there was a reasonable possibility of their policy's involvement when the insurance investigator visited their home to obtain a statement regarding the accident. Instead of immediately notifying their insurer, Utica National Insurance Group and Utica Mutual Insurance Company (hereinafter collectively Utica), the appellants waited over two months before providing the required notification. This delay is unreasonable as a matter of law (*see Winstead v Uniondale Union Free School Dist.*, 201 AD2d 721 [1994]). Moreover, contrary to their contention, Utica's delay in disclaiming coverage was reasonable under the circumstances of this case (*see* Insurance Law § 3420 [d]; *Brooklyn Hosp. Ctr. v Centennial Ins. Co.*, 258 AD2d 491 [1999]; *Structure Tone, Inc. v Burgess Steel Prods. Corp.*, 249 AD2d 144 [1998]). Accordingly, the Supreme Court properly granted Utica's motion for summary judgment and denied the cross motion of the appellants-respondents for summary judgment.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that Utica is not obligated to defend and indemnify the appellants-respondents in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.