10-2537-cv
Cambridge Realty Co. v. St. Paul Fire & Marine Ins. Co.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of May, two thousand eleven.

PRESENT:

> JOSEPH M. McLAUGHLIN,
> GUIDO CALABRESI,
> PETER W. HALL,
> *Circuit Judges.*

───────────────────────────────────────────

CAMBRIDGE REALTY CO., LLC, EVA ROSENFELD,
  *Plaintiffs-Appellants,*

v.  No. 10-2537-cv

ST. PAUL FIRE & MARINE INSURANCE COMPANY,
  *Defendant-Appellee.*

───────────────────────────────────────────

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | MICHAEL FAHEY (David Feureisen, *on the brief*), Bartels & Feureisen, LLP, White Plains, New York. |
| FOR DEFENDANT-APPELLEE: | ANDREW M. PREMISLER (Stephen M. Lazare, *on the brief*), Lazare Potter & Giacovas LLP, New York, New York. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Cambridge Realty Co., LLC ("Cambridge Realty") and Eva Rosenfeld (together, "plaintiffs") appeal from an award of summary judgment in favor of their insurer, St. Paul Fire and Marine Insurance Co. ("St. Paul"), on plaintiffs' suit for a declaration that St. Paul is contractually obligated to indemnify them for damages incurred in connection with a personal injury action involving Cambridge Realty's tenant Louise Robinson.[1] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review *de novo* an award of summary judgment, viewing the facts in the light most favorable to the non-moving party. *See Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 163 (2d Cir. 2008). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For summary judgment purposes, a "genuine issue" exists where the evidence is such that a reasonable jury could decide in the non-moving party's favor. *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000).

On appeal, plaintiffs claim that the district court erred in granting summary judgment in favor of St. Paul because material issues of fact exist as to whether plaintiffs' notices of

---

[1] Because we affirm the grant of summary judgment in favor of St. Paul, we necessarily affirm the denial of plaintiffs' cross-motion for summary judgment.

2

occurrence and claim were untimely and as a result whether St. Paul appropriately disclaimed coverage. In support of this claim, plaintiffs assert principally that: (1) the insurance policy's notice provision requires notice to the insurer only when the insured affirmatively committed some act that may later result in a demand for damages; (2) plaintiffs' notice of occurrence on April 12, 2004 to Vicinanza Insurance ("Vicinanza"), plaintiffs' insurance broker, constituted notice to St. Paul; and (3) genuine issues of fact exist as to whether plaintiffs' July 14, 2004 notice of claim to St. Paul was indeed timely. We find plaintiffs' arguments to be unpersuasive and affirm the judgment of the district court because, under New York law,[2] plaintiffs' failure to satisfy the policy's notice requirement constitutes "a failure to comply with a condition precedent which, as a matter of law, vitiates the contract." *Great Canal Realty Corp. v. Seneca Ins. Co.*, 5 N.Y.3d 742, 743 (2005) (internal quotation marks omitted).

I.  Policy's Notice Provision

Plaintiffs ask us to construe the relevant language[3] in the policy's notice provision—that the insured must be "aware of having done something"—as requiring them to notify St. Paul only when they affirmatively commit some act that "may later result in a demand for damages." Because Robinson's accident did not involve any action by the plaintiffs that may have resulted in a demand for damages against them, they contend the policy's notice requirement was not

---

[2]  This action was removed to the district court on the basis of diversity jurisdiction, and the parties do not dispute that New York law applies.

[3]  The policy's notice provision states: "If an accident or incident happens that may involve liability protection provided in this policy, you or any other protected person involved must . . . [t]ell us or our agent what happened as soon as possible. Do this even though no demand for damages has been made against you or any other protected person, but you or another protected person is aware of having done something that may later result in a demand for damages."

triggered and thus they were not required to notify St. Paul when first learning of the accident in April 2004. To the extent this Court disagrees with that interpretation, plaintiffs submit the notice provision is ambiguous and must be construed against St. Paul.

"Whether the language of an insurance policy is ambiguous is a question of law, which we review *de novo*." *Duane Reade*, *Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 201 (2d Cir. 2010). It is well settled that "[a] contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion." *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002) (brackets and internal quotation marks omitted). In making this decision, the "court should not find the language ambiguous on the basis of the interpretation urged by one party, where that interpretation would strain the contract language beyond its reasonable and ordinary meaning." *Metro. Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir. 1990) (internal quotation marks and citation omitted). If the terms of a policy are ambiguous, however, any ambiguity must be construed in favor of the insured and against the insurer. *See, e.g., Dalton v. Harleysville Worcester Mut. Ins. Co.*, 557 F.3d 88, 90 (2d Cir. 2009) (citing *U.S. Fid. & Guar. Co. v. Annunziata*, 67 N.Y.2d 229, 232 (1986)).

Plaintiffs' proffered construction of the notice provision does not reveal an ambiguity in the policy and accepting it would circumvent the policy's definite and precise notice requirement. As discussed *infra* in Section III, plaintiffs' assertion that Robinson's accident did not involve any action by the plaintiffs that may have resulted in a demand for damages is belied by the record. To the extent plaintiffs argue the notice provision does not cover nonaction—i.e.,

4

their failure to repair the condition that caused Robinson's accident—that may result in a demand for damages, such an interpretation is unreasonable.

II. Sufficiency of Notice to Broker

Plaintiffs offer two reasons why their notice to Vicinanza, their insurance broker, immediately after learning of Robinson's accident in April 2004, also served as timely notice to St. Paul. First, plaintiffs argue that Vicinanza served as St. Paul's agent under the cloak of apparent authority because they contend: Vicinanza accepted notice from Rosenfeld on two occasions (in April 2004 and again in July 2004) and neither Vicinanza nor St. Paul objected to this procedure; CMJ Underwriters, Ltd. ("CMJ"), St. Paul's agent and authorized representative, directed Vicinanza to prepare the notice of claim form in July 2004; Cambridge paid the full premium cost of insurance to Vicinanza; and the insurance proposal lists "Vicinanza Insurance" as the "Agency Name." Second, plaintiffs argue that the policy is ambiguous because it did not identify St. Paul or CMJ as the exclusive parties that must be notified in the event of an accident. Due to that ambiguity, they contend the policy should be construed to allow notice to Vicinanza.

Under New York law, "an insurance broker is the agent of the *insured*, not the insurance company, and notice to an insurance broker, absent exceptional circumstances[,] is not notice to the insurer."[4] *Phila. Indem. Ins. Co. v. Horowitz, Greener & Stengel, LLP*, 379 F. Supp. 2d 442, 457 (S.D.N.Y. 2005) (internal quotation marks omitted) (emphasis in original). "[A] broker will be held to have acted as the insurer's agent where there is some evidence of . . . action on the

---

[4] Although New York courts recognize that it is common practice for insureds to notify their brokers, rather than their carriers, they have "emphasize[d] that insureds do so at their peril since the law is clear: the policy requirement that the notice must be provided to the carrier trumps any informal arrangement or practice engaged in between insureds and their brokers." *Gershow Recycling Corp. v. Transcontinental Ins. Co.*, 801 N.Y.S.2d 832, 834 (App. Div. 2d Dep't 2005).

insurer's part, or facts from which a general authority to represent the insurer may be inferred."

*U.S. Underwriters Ins. Co. v. Manhattan Demolition Co.*, 672 N.Y.S.2d 384, 385 (App. Div. 2d

Dep't 1998) (alteration and internal quotation marks omitted); *see also Green Door Realty Corp.

v. TIG Ins. Co.*, 329 F.3d 282, 289 (2d Cir. 2003) ("[A]pparent authority is normally created

through the words and conduct of the principal as they are interpreted by a third party, and

cannot be established by the actions or representations of the agent." (internal quotation marks

omitted)).

Authority has been found where the agent's role "went far beyond that of solicitor of the

liability policy," including responsibilities such as "collecting premiums, issuing the policy, and

being designated as an 'agent or broker' for the insurer." *Phila. Indem. Ins. Co.*, 379 F. Supp. 2d

at 457 (citing *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 17 (1979)).

"Furthermore, the use of the term 'agent' in a contract is not conclusive as to whether an agency

relationship existed." *Cohen v. Utica First Ins.Co.*, 436 F. Supp. 2d 517, 527 (E.D.N.Y. 2006).

For substantially the same reasons articulated by the district court, we hold, based on the

uncontested facts, that notice to Vicinanza in April 2004 did not constitute timely notice to St.

Paul. The policy is clear that plaintiffs are to notify St. Paul or CMJ, and it nowhere authorizes

notification to Vicinanza. Contrary to plaintiffs' assertion that Vicinanza served as St. Paul's

agent under the doctrine of apparent authority, the record is devoid of documents or action by St.

Paul from which an inference can be made that in April 2004 Vicinanza served as St. Paul's

agent. The record does not support that St. Paul or CMJ were aware that Rosenfeld notified

Vicinanza in April 2004, and thus the failure to object to that procedure does not constitute

acquiescence. Additionally, as the district court determined, actions subsequent to the April

6

2004 notice of occurrence to Vicinanza cannot clothe the broker with retroactive apparent authority. We find that plaintiffs' remaining arguments rely largely on the actions of Vicinanza itself or are otherwise unpersuasive. We therefore conclude that the record does not support that Vicinanza had apparent authority to receive a notice of occurrence in April 2004 on behalf of St. Paul.[5]

III. Timeliness of Notice

Plaintiffs argue that a question of fact exists as to whether the July 14, 2004 notice to Vicinanza, which was subsequently forwarded to CMJ, constitutes a timely notice of claim. Specifically, plaintiffs assert that there are questions of fact as to whether Robinson's informal conversation with Rosenfeld adequately put Rosenfeld on notice that the accident "may involve liability protection" or "result in a demand for damages." Additionally, plaintiffs contend that even if their notice to St. Paul is deemed untimely, they have a valid excuse for such delay—to wit, that Rosenfeld had a reasonable, good faith belief that a claim would not be filed against them in connection with Robinson's accident.

When an insurance policy requires that notice of an occurrence or claim be given promptly, like the one at issue here requiring notice "as soon as possible," notice must be given within a reasonable time in view of all of the facts and circumstances. *See Eagle Ins. Co. v. Zuckerman*, 753 N.Y.S.2d 128, 129 (App. Div. 2d Dep't 2003); *see also Abner, Herrman & Brock, Inc. v. Great N. Ins. Co.*, 308 F. Supp. 2d 331, 337 (S.D.N.Y. 2004). As noted above,

---

[5] We do not exclude the possibility that circumstances may exist in which the broker's acceptance of payment for the benefit of the insurer could indicate apparent authority. *Cf. Green Door*, 329 F.3d at 289. The New York Court of Appeals, to our knowledge, has not decided whether this act alone could be sufficient to confer apparent authority, but the facts alleged here, in combination, fail to raise a genuine issue of material fact as to Vicinanza's authority.

"[p]roviding an insurer with timely notice of a potential claim is a condition precedent, and thus absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy."[6] *Sayed v. Macari*, 744 N.Y.S.2d 509, 510 (App. Div. 2d Dep't 2002) (alteration and internal quotation marks omitted).

The "duty to give an insurer notice arises when, from the information available relative to the accident, an insured could glean a reasonable possibility of the policy's involvement." *Figueroa v. Utica Nat'l Ins. Grp.*, 792 N.Y.S.2d 556, 557 (App. Div. 2d Dep't 2005) (internal quotation marks omitted). Under this standard, New York courts have "recognized that there may be circumstances that excuse a failure to give timely notice, such as where the insured has a good-faith belief of nonliability, provided that belief is reasonable." *Great Canal Realty Corp.*, 5 N.Y.3d at 743 (internal quotation marks omitted). The insured's belief, however, must be "reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence. . . . [T]he insured bears the burden of establishing the reasonableness of the proffered excuse." *Id.* at 744 (citations and internal quotation marks omitted).

Under the facts and circumstances of this case, plaintiffs have failed to raise a triable issue of fact as to whether they lacked knowledge of the occurrence or had a good-faith belief of nonliability. The uncontested facts reveal that Rosenfeld on April 11, 2004, was aware of the accident, its location, and the fact that Robinson was hospitalized as a result of the fall.

---

[6] We note that the amendment to New York Insurance Law § 3420(a) requiring a showing of prejudice before an insurer denies coverage on the ground of untimely notice does not apply to this case. The amendment expressly applies to policies issued on or after January 17, 2009. *See Bd. of Managers of the 1235 Park Condo. v. Clermont Specialty Managers, Ltd.*, 891 N.Y.S.2d 340, 340 (App. Div. 1st Dep't 2009).

Furthermore, Rosenfeld asked Robinson if she intended to file suit, photographed the hole and placed the photo in Robinson's file, immediately notified Vicinanza of the accident, and was otherwise aware of the possibility of a lawsuit. Accordingly, it is clear from the record that because a reasonable person could envision liability in this case, no issue of fact exists as to whether plaintiffs had a duty to notify St. Paul. *See White v. City of New York*, 81 N.Y.2d 955, 958 (1993).

Where there is no excuse or mitigating factor, relatively short time periods of delay are deemed unreasonable as a matter of law. *Travelers Ins. Co. v. Volmar Constr. Co.*, 752 N.Y.S.2d 286, 288 (App. Div. 1st Dep't 2002). We agree with the district court that a delay of over three months between plaintiffs' recognition of possible liability and St. Paul's receipt of notice was unreasonable under the circumstances. *See, e.g., State of N.Y. v. Blank*, 27 F.3d 783, 796 (2d Cir. 1994) (delays in notice of occurrence or claim "as short as 29 days have been found unreasonable" under New York law (collecting cases)); *Juvenex Ltd. v. Burlington Ins. Co.*, 882 N.Y.S.2d 47, 48 (App. Div. 1st Dep't 2009) (two month delay unreasonable).

IV. Conclusion

We have considered all of plaintiffs other contentions on this appeal and find them to be without merit. For the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9