# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

457

CA 12-01546

PRESENT: CENTRA, J.P., FAHEY, CARNI, WHALEN, AND MARTOCHE, JJ.

---

ROBERT A. REYNOLDS AND JUDITH E. REYNOLDS,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

CHRISTOPHER S. FERRANTE, D.C.,
ET AL., DEFENDANTS,
AND GEICO GENERAL INSURANCE COMPANY,
DEFENDANT-APPELLANT.

---

HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

GRECO TRAPP, PLLC, BUFFALO (DUANE D. SCHOONMAKER OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County
(Catherine R. Nugent Panepinto, J.), entered May 9, 2012.  The order
denied the motion of defendant Geico General Insurance Company to
dismiss the amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Defendant Geico General Insurance Company (Geico)
appeals from an order denying its motion to dismiss the amended
complaint pursuant to CPLR 3211 (a) (1) and (7).  Plaintiff Robert A.
Reynolds (plaintiff) had an insurance policy with Geico and sustained
injuries to his neck, back and left shoulder in a motor vehicle
accident.  Geico scheduled a no-fault examination for plaintiff with a
chiropractor through defendant SCS Support Claim Services, Inc. (SCS),
an independent contractor for Geico.  During the course of that
examination, plaintiff's left knee was injured allegedly as a result
of the chiropractor's manipulation of the knee.  Plaintiffs commenced
this action alleging, inter alia, that Geico was negligent in the
selection, instruction and supervision of SCS and the chiropractor.

Geico contends that Supreme Court erred in denying its motion
because it cannot be held liable for the acts of an independent
contractor.  We reject that contention.  It is well settled that a
person who hires an independent contractor may be held liable for
negligence in selecting, instructing or supervising that independent
contractor (*see Brothers v New York State Elec. & Gas Corp.*, 11 NY3d
251, 258).

We further reject Geico's contention that the allegations in the amended complaint are insufficient to state a cause of action for negligent selection, instruction and supervision against it.  On a motion to dismiss pursuant to CPLR 3211, pleadings are to be liberally construed (*see Leon v Martinez*, 84 NY2d 83, 87; *see also* CPLR 3026).  The court is to "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon*, 84 NY2d at 87-88).  It is well settled that "the primary function of a pleading is to apprise an adverse party of the pleaders claim . . . and to prevent surprise" (*Cole v Mandell Food Stores*, 93 NY2d 34, 40; *see* CPLR 3013).  "Absent such notice, a defendant is prejudiced by its inability to prepare a defense to the plaintiff's allegations" (*Cole*, 93 NY2d at 40).  We conclude that the amended complaint is sufficient to advise the court and Geico of the transactions and occurrences on which plaintiffs based their claim and plaintiffs have sufficiently pleaded a cause of action against Geico based upon the alleged negligent selection, instruction and supervision of SCS and the chiropractor (*see generally* CPLR 3013; *Preston v APCH, Inc.*, 89 AD3d 65, 74).

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court