Cunningham v Mary Agnes Manor Mgt., L.L.C. (2020 NY Slip Op 06582)





Cunningham v Mary Agnes Manor Mgt., L.L.C.


2020 NY Slip Op 06582


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


392 CA 19-01231

[*1]KEVIN M. CUNNINGHAM, AS ADMINISTRATOR OF THE ESTATE OF PATRICK CUNNINGHAM, DECEASED, PLAINTIFF-APPELLANT,
v
MARY AGNES MANOR MANAGEMENT, L.L.C., MARY AGNES MANOR REALTY, L.L.C., NEIL ZYSKIND, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






FRIEDLANDER & MOSHER, P.C., ITHACA (WILLIAM S. FRIEDLANDER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HURWITZ & FINE, P.C., BUFFALO (PATRICK B. CURRAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered May 9, 2019. The order granted the motion of defendants Mary Agnes Manor Management, L.L.C., Mary Agnes Manor Realty, L.L.C., and Neil Zyskind to dismiss plaintiff's first amended complaint against them and denied plaintiff's cross motion for leave to file a second amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first cause of action in the first amended complaint against defendants Mary Agnes Manor Management, L.L.C., Mary Agnes Manor Realty, L.L.C., and Neil Zyskind insofar as it is based on theories of vicarious liability, and reinstating the second and fifth causes of action in the first amended complaint against those defendants, and granting the cross motion upon condition that plaintiff shall serve the proposed second amended complaint within 30 days of the date of entry of the order of this Court, and as modified the order is affirmed without costs.
Memorandum: Plaintiff, as administrator of decedent's estate, commenced this action to recover damages arising from injuries decedent suffered while he was a patient at a nursing home facility and was assaulted by another resident of the facility, who had a history of, inter alia, mental illness and violent behavior. Plaintiff's first amended complaint asserted causes of action against, among others, defendants Mary Agnes Manor Management, L.L.C., and Mary Agnes Manor Realty, L.L.C., (collectively, MAM defendants), and Neil Zyskind (collectively, defendants), and alleged that defendants owned and operated the facility where decedent was injured. In lieu of answering the first amended complaint, defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the first amended complaint against them. Plaintiff opposed the motion and cross-moved for leave to file a second amended complaint that would include additional factual allegations with respect to the cause of action for negligence and the causes of action based on violations of the Public Health Law. Supreme Court granted defendants' motion, dismissed the first amended complaint against defendants in its entirety, and denied plaintiff's cross motion. Plaintiff appeals.
With respect to the first cause of action in the first amended complaint, we agree with plaintiff that he adequately stated a cause of action for negligence premised on a theory of vicarious liability based on the doctrine of piercing the corporate veil or alter ego. "[T]o withstand a motion to dismiss, [a] plaintiff must plead sufficient facts to reflect that the defendant's domination and control over the corporation was so complete that the corporation [*2]had no separate mind, will, or existence of its own" (Robert L. Haig, Commercial Litigation in New York State Courts § 8:67.50 [4th ed 2 West's NY Prac Series Sept. 2019 Update]; see Sky-Track Tech. Co. Ltd. v HSS Dev., Inc., 167 AD3d 964, 965 [2d Dept 2018]). The plaintiff must allege that the domination and control constituted a fraud or an "abuse[ of] the privilege of doing business in the corporate form to perpetrate a wrong or injustice" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 142 [1993]; see Abbott v Crown Mill Restoration Dev., LLC, 109 AD3d 1097, 1101 [4th Dept 2013]). Here, plaintiff alleges that the MAM defendants were operated in such a way "as if they were one by commingling them on an interchangeable basis or convoluted separate properties, records or control." Significantly, plaintiff alleged that the corporate formalities were conduits to avoid obligations to the facility's residents, and thus the allegations are sufficient to state a cause of action for negligence under a theory of piercing the corporate veil or alter ego (see generally Abbott, 109 AD3d at 1102).
Similarly, plaintiff's claims in the negligence cause of action that defendants are vicariously liable under theories of agency and joint venture are also sufficiently stated. "The elements of a joint venture are an agreement of the parties manifesting their intent to associate as joint venturers, mutual contributions to the joint undertaking, some degree of joint control over the enterprise, and a mechanism for the sharing of profits and losses" (Clarke v Sky Express, Inc., 118 AD3d 935, 935 [2d Dept 2014]). "Agency . . . is a fiduciary relationship which results from the manifestation of consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act" (Maurillo v Park Slope U—Haul, 194 AD2d 142, 146 [2d Dept 1993]). Plaintiff alleges in the first amended complaint that defendants acted as agents for one another and, as relevant here, that they ratified the acts of one another regarding, inter alia, operation of the facility, allocation of resources, and mismanagement of the facility. Thus, we conclude the court erred in granting defendants' motion with respect to the negligence cause of action insofar as it is based on theories of vicarious liability, and we modify the order accordingly.
With respect to the second and fifth causes of action in the first amended complaint, for violation of Public Health Law §§ 2801-d and 2808-a, we conclude that plaintiff alleged sufficient facts that defendants were controlling persons or entities of a residential health care facility (see generally Boykin v 1 Prospect Park ALF, LLC, 993 F Supp 2d 264, 273 [ED NY 2014]). Plaintiff alleged that in addition to residential care, the facility provided "health-related services," including specialized dementia care, dietary supervision, hygiene and on-site medical and psychological care. Accepting those facts as alleged in the first amended complaint as true, and affording every possible favorable inference to plaintiff, we conclude that plaintiff sufficiently alleged facts to overcome defendants' argument that the facility is an assisted living facility and not subject to those sections of the Public Health Law (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]). We therefore further modify the order by denying defendants' motion with respect to the second and fifth causes of action in the first amended complaint and reinstating those causes of action against defendants.
Plaintiff's brief does not address the court's determination with respect to the causes of action for breach of contract, fraud and estate costs, and thus plaintiff has abandoned any challenge to the dismissal of those causes of action (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We also conclude that the court erred in denying plaintiff's cross motion for leave to file a second amended complaint that would include additional factual allegations with respect to the cause of action for negligence and causes of action based on violations of the Public Health Law (see Greenberg v Wiesel, 186 AD3d 1336, 1339 [2d Dept 2020]; A.W. v County of Oneida, 34 AD3d 1236, 1238 [4th Dept 2006]). We therefore further modify the order by granting the cross motion upon condition that plaintiff serve the proposed second amended complaint within 30 days of the date of entry of the order of this Court.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court