Commodore Maintenance Corp. v Insight Cos., Inc. (2021 NY Slip Op 02129)





Commodore Maintenance Corp. v Insight Cos., Inc.


2021 NY Slip Op 02129


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-12298
 (Index No. 64726/15)

[*1]Commodore Maintenance Corporation, respondent,
v
Insight Companies, Inc., appellant.


Wood, Smith, Henning & Berman LLP, New York, NY (Nancy Quinn Koba and John Confresi of counsel), for appellant.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Justin M. Gardner of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated September 18, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability and declaring that the defendant is obligated to indemnify the plaintiff in connection with an action entitled Pastorino v City of New York, commenced in the Supreme Court, New York County, under Index No. 154450/13, and an action entitled Commodore Maintenance Corp. v Atlantic Specialty Ins. Co., commenced in the Supreme Court, Westchester County, under Index No. 71097/14, and denied the defendant's cross motion for summary judgment dismissing the complaint and, in effect, declaring that it is not so obligated.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith.
The plaintiff, Commodore Maintenance Corporation, commenced this action against its insurance broker, the defendant, Insight Companies, Inc., asserting causes of action to recover damages for negligence, breach of contract, and breach of fiduciary duty and for declaratory relief. The plaintiff alleged that the defendant breached a special duty to notify the appropriate insurance carriers of a December 5, 2012 accident involving the plaintiff's employee, Joseph Pastorino, who allegedly was injured while attempting to board a barge, and a resulting lawsuit commenced by Pastorino on May 14, 2013, entitled Pastorino v City of New York, in the Supreme Court, New York County, under Index Number l54450/13 (hereinafter the Pastorino action). The defendant had procured for the plaintiff a marine protection and indemnity policy from Atlantic Specialty Insurance Company (hereinafter Atlantic) insuring three named barges, and a Workers' Compensation and Longshore and Harbor Worker's Compensation Act (33 USC § 901, et seq.) policy from the New York State Insurance Fund (hereinafter NYSIF). Although the plaintiff promptly forwarded all claims and legal documents to the defendant, the defendant failed to notify Atlantic of the claim or lawsuit until August 28, 2013. The defendant promptly notified NYSIF of the claim, but failed to forward copies of the complaint or the amended complaint in the Pastorino action to it. The plaintiff's counsel forwarded the amended complaint in the Pastorino action to NYSIF on September [*2]15, 2014. Atlantic and NYSIF each disclaimed coverage, based on late notice of the claim and the failure to promptly forward the pleadings, respectively (see generally Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436, 440). In 2014, the plaintiff commenced an action against Atlantic in the Supreme Court, Westchester County, under Index No. 71097/14, in an effort to mitigate its damages (hereinafter the Atlantic action).
The plaintiff moved for summary judgment on the issue of liability and declaring that the defendant is obligated to indemnify it in connection with the Pastorino action and the Atlantic action, and the defendant cross-moved for summary judgment dismissing the complaint and, in effect, declaring that it is not so obligated. In an order dated September 18, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
The plaintiff established its prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that it had a special relationship with the defendant whereby the defendant owed it a duty of care to provide timely notice of claims and lawsuits to the appropriate insurance carriers, that the defendant breached that duty, and that the breach was a proximate cause of the plaintiff's losses (see Vassar Coll. v Marshall & Sterling, Inc., 156 AD3d 938, 939; Abetta Boiler & Welding Serv., Inc. v American Intl. Specialty Lines Ins. Co., 76 AD3d 412, 413; Martini v Lafayette Studio Corp., 273 AD2d 112, 113). In opposition, the defendant failed to raise a triable issue of fact. Given the references in the initial claim documents to the involvement of a barge in the underlying accident, the defendant should have realized that there was a reasonable possibility of the Atlantic policy's involvement (see McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d 981, 984; Figueroa v Utica Natl. Ins. Group, 16 AD3d 616, 617; C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co., 1 AD3d 304, 305). Additionally, the defendant offered no excuse for its failure to promptly forward a copy of the complaint in the Pastorino action to NYSIF. The defendant's contention that the insurers' disclaimers were invalid for their failure to comply with Insurance Law § 3420 is without merit, as the requirements of that statute are inapplicable to the subject policies (see Insurance Law §§ 3420[i]; 2117[b][3][B]; 1108[c]; Town of Amherst v Hilger, 106 AD3d 120, 126; Dunn v American Home Assur. Co., 158 AD2d 505, 507; Turchio v Foremost Ins. Co. Grand Rapids, 2014 WL 5343819, *4, n 2, 2014 US Dist LEXIS 148754, *8 n 2 [ED NY Oct. 20, 2014, No. 14-CV-2685 (JG)(RER)]; DeGeorge v Ace American Ins. Co., 2008 WL 180786, *5, 2008 US Dist LEXIS 3914, *15 [SD NY Jan. 17, 2008, No. 07-CV-2761(RPP)]).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability and making the related declarations, and properly denied the defendant's cross motion for summary judgment dismissing the complaint and, in effect, for a declaration in its favor.
The defendant's remaining contention, raised for the first time on appeal, is not properly before this Court (see Wells Fargo Bank v Islam, 174 AD3d 670, 673).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant is obligated to indemnify the plaintiff in connection with an action entitled Pastorino v City of New York, commenced in the Supreme Court, New York County, under Index No. 154450/13, and an action entitled Commodore Maintenance Corp. v Atlantic Specialty Ins. Co., commenced in the Supreme Court, Westchester County, under Index No. 71097/14 (see Lanza v Wagner, 11 NY2d 317, 334).
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court