Broderick v Amber Ct. Assisted Living (2021 NY Slip Op 06981)





Broderick v Amber Ct. Assisted Living


2021 NY Slip Op 06981


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-01685
2019-07589
 (Index No. 606249/18)

[*1]Jamie Michelle Broderick, etc., respondent, 
v
Amber Court Assisted Living, et al., appellants.


Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Domingo R. Gallardo, Richard M. Fedrow, Alexandra N. Nieto, Katherine A. Giovacco, Joseph D. Furlong, and Christopher S. Germaine of counsel), for appellants.
Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for negligence and violation of Public Health Law §§ 2801-d and 2803-c, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated December 31, 2018, and (2) an order of the same court dated May 1, 2019. The order dated December 31, 2018, denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. The order dated May 1, 2019, insofar as appealed from, upon reargument, adhered to the determination in the order dated December 31, 2018.
ORDERED that the appeal from the order dated December 31, 2018, is dismissed, as that order was superseded by the order dated May 1, 2019, made upon reargument; and it is further,
ORDERED that the order dated May 1, 2019, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated December 31, 2018, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action, and substituting therefor a provision, upon reargument, vacating that determination in the order dated December 31, 2018, and, thereupon, granting that branch of the motion; as so modified, the order dated May 1, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
This action was commenced on behalf of Avis Joy Kramer to recover damages for alleged injuries she sustained while a resident at a licensed assisted living facility controlled and operated by the defendants. The complaint alleged three causes of action, including as a first cause of action one to recover damages for violations of Public Health Law §§ 2801-d and 2803-c. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated December 31, 2018, the Supreme Court denied the defendants' motion. The defendants moved for [*2]leave to reargue their prior motion, and in an order dated May 1, 2019, the court, upon reargument, adhered to the determination in the order dated December 31, 2018. The defendants appeal.
The Supreme Court erred in denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, alleging violations of Public Health Law §§ 2801-d and 2803-c. Public Health Law article 28 authorizes a private right of action by patients of "residential health care facilities" for the deprivation of rights conferred by statute, regulation and contract, including those enumerated by Public Health Law § 2803-c (Public Health Law § 2801-d[1]; see Nieves v Clove Lakes Health Care & Rehabilitation, Inc., 179 AD3d 938, 939; Zeides v Hebrew Home for Aged at Riverdale, 300 AD2d 178). "Residential health care facilities" is defined therein as "a nursing home or a facility providing health-related service" (Public Health Law § 2801[3]; see Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 619-620; Novick v South Nassau Communities Hosp., 136 AD3d 999, 1001). Public Health Law article 46-B, which governs "assisted living" facilities (Public Health Law § 4651[1]), expressly provides that such facilities do not include "residential health care facilities" licensed under Public Health Law article 28 (Public Health Law § 4651[1][a]).
Here, the plaintiff concedes that the facility in which Kramer was a resident was licensed as an "assisted living" facility, but asserts that it was operated as a de facto residential health care facility by virtue of the health-related services it provided, including management of medications, assistance with dressing and eating, and visits by nursing staff and physicians. Even accepting these allegations as true, they are insufficient to state a claim that the assisted living facility in which Kramer resided was a residential health care facility against which a private right of action pursuant to Public Health Law article 28 may be maintained (see Public Health Law § 2801[3]; Novick v South Nassau Communities Hosp., 136 AD3d at 1001; Matter of Macheski v Commissioner of N.Y. State Dept. of Social Servs., 243 AD2d 1025, 1026; see also Boykin v 1 Prospect Park ALF, LLC, 993 F Supp 2d 264, 274 [ED NY]). Accordingly, the Supreme Court should have granted this branch of the defendants' motion.
Contrary to the defendants' contention, the Supreme Court properly declined to direct dismissal of the complaint insofar as asserted against the defendants Amber Court Assisted Living, Amber Court Assisted Living, LLC, Amber Court of Westbury II, LLC, Amber Court at Home LHCSA, LLC, and ALJUD Licensed Home Care Services, LLC, pursuant to CPLR 3211(a)(1). A motion to dismiss pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). The affidavit on which the defendants relied did not constitute documentary evidence for purposes of CPLR 3211(a)(1), and did not conclusively establish a defense as a matter of law (see Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1328; Ajaka v Mount Sinai Hosp., 189 AD3d 963, 965).
The defendants' remaining contention, raised for the first time on appeal, is not properly before this Court (see Commodore Maintenance Corp. v Insight Cos., Inc., 193 AD3d 675, 678).
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court