24-1194
Hedvat, et al. v. Chubb National Insurance Company

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> MYRNA PÉREZ,
> *Circuit Judges.*

───────────────────────────────

FARAMARZ HEDVAT, KATRIN HEDVAT,

*Plaintiffs-Appellants*,

v.                                                            No. 24-1194

CHUBB NATIONAL INSURANCE
COMPANY,

*Defendant-Appellee.*

───────────────────────────────

**FOR PLAINTIFFS-APPELLANTS:** JOSHUA L. MALLIN (Dennis T. D'Antonio, *on the briefs*), Weg & Myers, P.C., Rye Brook, NY.

**FOR DEFENDANT-APPELLEE:** PAUL C. FERLAND (Joshua R. Tumen, Cozen O'Connor, *on the brief*), New York, NY.

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order and judgment are **AFFIRMED**.

Plaintiffs-Appellants Faramarz Hedvat and Katrin Hedvat (the "Hedvats") appeal the dismissal of their complaint alleging a breach of contract claim against their insurer, Defendant-Appellee Chubb National Insurance Company ("Chubb"), for its failure to reimburse them under a property insurance policy. Because this Court agrees that the Hedvats' delay in notifying Chubb was not reasonable and failed to comply with Chubb's notice requirement, we affirm the district court's dismissal of the complaint.

## BACKGROUND

Chubb issued a property insurance policy (the "Policy"), which insured a single-family home owned by the Hedvats (the "Property").

In February 2022, the Hedvats' driveway flooded, causing damage to the Property. The Hedvats hired contractors to investigate the damage, and following the investigation, the Hedvats hired a separate company for repairs. Around May 16, 2022, the Hedvats submitted a claim to Chubb, seeking reimbursement for their losses, which totaled approximately $1,749,885. Chubb denied the Hedvats' claim.

In June 2023, the Hedvats filed this suit against Chubb. Chubb moved to dismiss the complaint, raising three separate arguments as to why the Hedvats were not entitled to reimbursement under the Policy. Two of the arguments related to exclusions under the Policy, and the third argument stemmed from the Hedvats' failure to timely notify Chubb of their loss as required by the Policy. The district court did not address the Hedvats' two arguments relating to the Policy exclusions, but instead found that the Hedvats' delay in notifying Chubb warranted dismissal of the complaint.

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

**STANDARD OF REVIEW**

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*, accepting all allegations in the complaint as true and drawing all inferences in favor of the plaintiff. *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). A

3

complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

We need to look no further than the face of the complaint to learn when the Hedvats became aware of the incident and whether they have pleaded a viable claim for relief under the Policy's notice requirement.

"Under New York law, compliance with a notice-of-occurrence provision in an insurance policy is a condition precedent to an insurer's liability under the policy." *Sparacino v. Pawtucket Mut Ins. Co.*, 50 F.3d 141, 143 (2d Cir. 1995). Where the policy holder does not comply with this condition precedent, their failure to do so "as a matter of law, vitiates the contract." *Great Canal Realty Corp. v. Seneca Ins. Co.*, 5 N.Y.3d 742, 743 (2005).

If an insurance policy requires that "notice of an occurrence be given 'as soon as practicable,'" *id.*, or "as soon as reasonably possible," *Eveready Ins. Co. v. Chavis*, 150 A.D.2d 332, 333 (2d Dep't 1989), then such "notice must be given within a reasonable time in view of all of the facts and circumstances," *Eagles Ins. Co. v. Zuckerman*, 301 A.D.2d 493, 495 (2d Dep't 2003). Accordingly, if, based on the circumstances, the policy holder can "glean a reasonable possibility of the policy's involvement," the policy's notice provision

4

is triggered and the insured is under a duty to notify the insurer of their claim. *Figueroa v. Utica Nat'l Ins. Grp.*, 16 A.D.3d 616, 616–17 (2d Dep't 2005).

Where the insured delays in notifying the insurer, the circumstances surrounding the delay dictate whether the reasonableness of the delay is a question of fact for trial or of law for the court to decide. *See Travelers Ins. Co. v. Volmar Const. Co.*, 300 A.D.2d 40, 42–43 (1st Dep't 2002). If a policy holder has a reasonable excuse for their delay, then that is a "matter[] to be determined at trial." *Id.* But "where there is no excuse or mitigating factor, the issue poses a legal question for the court." *Id.* at 43.

Here, the Policy[1] makes its notice requirement clear. Notice of any loss that may be covered by the Policy must be provided "as soon as possible." App'x at 162. Per this notice requirement, the Hedvats were required to notify Chubb as soon as they learned of a reasonable possibility of loss that might trigger the Policy's involvement. *See Utica Nat'l Ins. Grp.*, 16 A.D.3d at 616–17. Based on the Hedvats' allegations in their

---

[1] In their opening brief, the Hedvats argue that the district court improperly considered the documents attached to Chubb's motion to dismiss. Appellant Br. at 9. Principally, the Hedvats take issue with the district court's consideration of the expert report attached to Chubb's denial letter. *Id.* at 9–10. The Hedvats concede that they failed to raise this issue in the district court. *See* Appellant Reply at 5.

Irrespective of any impropriety on the part of the district court in considering the expert report at the motion to dismiss stage, the district court did not err in considering the Policy. In fact, at oral argument, counsel for the Hedvats acknowledged that the Policy is integral to the complaint and indicated that they do not oppose this Court's consideration of the Policy. *See* Oral Argument Audio Recording at 1:04–1:17.

To be clear, we do not need to consider the expert report to reach our decision in this appeal.

5

complaint, they first learned of the damage caused to their Property in February 2022. At that point, they knew or should have known that there might be a covered loss. However, the Hedvats did not file a claim with Chubb until May 16, 2022. This is approximately a three-month delay.

The Hedvats argue "prior to the contractors' findings and repairs . . . , the significance, nature and scope of the damage was not ascertainable." Appellant Br. at 18; *see also* Appellant Reply Br. at 9, 12–13. The standard for when an insured must notify their insurer is not when they learn of the full extent of the damages but is instead when they learn that there is any "reasonable possibility of their policy's involvement." *Utica Natl. Ins. Grp.*, 16 A.D.3d at 617; *see also Sparacino*, 50 F.3d at 143 ("The test for determining whether the notice provision has been triggered is whether the circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim.").

By March 2022, the Hedvats hired a contractor to investigate the damage to their Property, and so at that point, the Hedvats surely knew then that there was a "reasonable possibility of their policy's involvement." *Utica Natl. Ins. Grp.*, 16 A.D.3d at 617 ("[T]he appellants-respondents should have realized that there was a reasonable possibility of their policy's involvement when the insurance investigator visited their home to obtain a

6

statement regarding the accident."). Additionally, the Hedvats subsequently hired another contractor in April 2022 to conduct repairs.

When considering the reasonableness of a delay, "courts have found relatively short periods to be unreasonable as a matter of law." *Volmar Const. Co.*, 300 A.D.2d at 42–43; *see, e.g.*, *Am. Home Assurance Co. v. Republic Ins. Co.*, 984 F.2d 76, 78 (2d Cir. 1993) (determining a 36-day delay in notifying the insurer is "clearly" untimely); *Haas Tobacco Co. v. Am. Fidelity Co.*, 226 N.Y. 343, 345–347 (1919) (affirming appellate court's reversal of a jury verdict in insured's favor where the insured did not notify the insurer until 10 days after the accident because he relied solely on his own opinion without any investigation). Given the circumstances, the Hedvats' three-month delay was unreasonable. Even accepting the Hedvats' argument, the delay beginning from when the Hedvats hired the second contractor to repair the Property was unreasonable, too.

The Hedvats have not provided any excuse or mitigating factor that explains their delay in notifying Chubb of the damage to their Property. Absent an excuse or mitigating factor, there is no question of fact to decide, and instead determining if the delay is reasonable becomes a question of law.

The district court correctly dismissed the Hedvats' complaint.

7

*　　*　　*

We have considered the Hedvats' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order and judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8