Kingston v Tennyson Ct. (2025 NY Slip Op 01522)

Kingston v Tennyson Ct.

2025 NY Slip Op 01522

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

728 CA 23-01374

[*1]THOMAS C. KINGSTON, AS EXECUTOR OF THE ESTATE OF MARCELLA KINGSTON, PLAINTIFF-RESPONDENT,
v
TENNYSON COURT, TENNYSON COURT, LLC, SALEM BUFFALO, LLC, AND JAMES T. HANDS, DEFENDANTS-APPELLANTS. 

LIPPES MATHIAS LLP, BUFFALO (MEGHANN N. ROEHL OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BROWN CHIARI LLP, BUFFALO (JESSE A. DRUMM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered August 1, 2023. The order denied defendants' motion to dismiss plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is modified on the law by granting the motion in part and dismissing the second and third causes of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff, as executor of the estate of Marcella Kingston (decedent), commenced this action alleging, inter alia, that defendants were negligent while decedent was a resident of a facility (Tennyson Court), and that such negligence caused decedent to suffer physical injuries, including a displaced elbow fracture, nasal bone fractures, and "other fall/incident injuries," and ultimately resulted in her death. Plaintiff alleged in the first cause of action that decedent's injuries and death were caused by defendants' negligence, gross negligence, carelessness, and recklessness, and plaintiff further alleged in the second and third causes of action that defendants recklessly deprived decedent of her rights and benefits in violation of Public Health Law §§ 2801-d and 2803-c. Defendants appeal from an order that denied their pre-answer motion to dismiss the complaint.
We agree with defendants that Supreme Court erred in denying their motion with respect to the second and third causes of action. We have held that an assisted living facility licensed pursuant to Public Health Law article 46-B, such as Tennyson Court, could operate as a de facto residential health care facility subject to liability under Public Health Law article 28 if it provides health-related services (see Cunningham v Mary Agnes Manor Mgt., L.L.C., 188 AD3d 1560, 1562 [4th Dept 2020]; cf. DeRusso v Church Aid of the Prot. Episcopal Church in the Town of Saratoga Springs, Inc., — AD3d &mdash, 2025 NY Slip Op 00008, *1-2 [3d Dept 2025]; Broderick v Amber Ct. Assisted Living, 200 AD3d 840, 841-842 [2d Dept 2021]; see also Public Health Law § 2801 [3]). We conclude that, unlike the complaint in Cunningham, the complaint here failed to "sufficiently allege[ ] facts to overcome defendants' argument that the facility is an assisted living facility and not subject to . . . sections [2801-d and 2803-c] of the Public Health Law" (188 AD3d at 1562). We therefore modify the order by granting defendants' motion in part and dismissing the second and third causes of action.
Our concurring colleagues would on this appeal overrule Cunningham in relevant part and dismiss the second and third causes of action on the ground that a facility licensed as an assisted living facility can never be statutorily liable under Public Health Law article 28. We respectfully disagree with that approach. Overturning precedent is unnecessary to resolve the appeal before us because, even under Cunningham, the second and third causes of action cannot [*2]survive defendants' motion to dismiss. " '[T]he doctrine of stare decisis should not be departed from except under compelling circumstances' " (Eastern Consol. Props. v Adelaide Realty Corp., 95 NY2d 785, 787 [2000]), and none are present here. Whether Cunningham should be overruled in favor of our concurring colleagues' statutory analysis should await an appropriate case in which it is necessary to resolve the viability of that precedent (see generally People v Barboni, 21 NY3d 393, 407 [2013]).
We nevertheless reject defendants' challenges to the viability of the first cause of action. Contrary to defendants' contention, the court properly determined that the complaint is "sufficiently particular to give the court and [defendants] notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of [the first] cause of action" (CPLR 3013; see generally Reynolds v Ferrante, 107 AD3d 1424, 1425-1426 [4th Dept 2013]). The court also properly determined that defendants failed to conclusively establish that they were immune from liability pursuant to the Emergency or Disaster Treatment Protection Act (Public Health Law former art 30-D, §§ 3080-3082) as in effect at the time of decedent's residency at Tennyson Court (see Holder v Jacob, 231 AD3d 78, 86-89 [1st Dept 2024]). Finally, we have considered defendants' remaining contentions and conclude that they do not require further modification or reversal of the order.
All concur except Curran and Hannah, JJ., who concur in the result in the following memorandum: We respectfully concur with the result reached by the majority, namely that the order must be modified to the extent of granting the motion in part and dismissing the second and third causes of action. We write separately, however, to express our disagreement with the majority insofar as it modifies the order on the basis that plaintiff failed to allege sufficient facts to "overcome defendants' argument that the facility is an assisted living facility and not subject to . . . sections [2801-d and 2803-c] of the Public Health Law" as it pertained to the second and third causes of action (Cunningham v Mary Agnes Manor Mgt., L.L.C., 188 AD3d 1560, 1562 [4th Dept 2020]). In making that determination, the majority reaffirms the validity of our prior decision in Cunningham, where, as the majority notes, we held "that an assisted living facility licensed pursuant to Public Health Law article 46-B . . . could operate as a de facto residential health care facility subject to liability under Public Health Law article 28 if it provides health-related services." For the reasons that follow, we respectfully disagree that Cunningham should be followed, would overrule that decision as inconsistent with the governing statutory framework, and, consequently, would grant the motion to the same extent solely on the basis that defendant Tennyson Court, LLC (Tennyson Court) is not a facility against which a private right of action under Public Health Law article 28 may be maintained (see DeRusso v Church Aid of the Prot. Episcopal Church in the Town of Saratoga Springs, Inc., — AD3d &mdash, 2025 NY Slip Op 00008, *1-2 [3d Dept 2025]; Broderick v Amber Ct. Assisted Living, 200 AD3d 840, 841 [2d Dept 2021]; see generally Public Health Law § 4651 [1] [a]).
Here, it is undisputed that Tennyson Court is an adult home-assisted living facility licensed pursuant to article 46-B of the Public Health Law. Article 46-B of the Public Health Law defines an "assisted living" facility as, inter alia, "an entity which provides or arranges for housing, on-site monitoring, and personal care services and/or home care services (either directly or indirectly), in a home-like setting to five or more adult residents unrelated to the assisted living provider" (§ 4651 [1]). Crucially, however, the same provision also expressly states, unequivocally and in no uncertain terms, that "[a]ssisted living and enhanced assisted living [facilities] shall not include . . . [, inter alia,] residential health care facilities . . . licensed under article twenty-eight of this chapter" (§ 4651 [1] [a] [emphasis added]). That statutory language specifies that the terms "assisted living" facility and "residential health care" facility are mutually exclusive. In short, the relevant statute provides that, under the Public Health Law, a facility can be one or another of those two entities, but it cannot simultaneously be both.
Consequently, once it is determined that an entity like Tennyson Court is an "assisted living" facility licensed under Public Health Law article 46-B, that completely precludes any potential absolute liability against it as a residential health care facility licensed under Public Health Law article 28—even if it provides health-related services. Given the fact that Tennyson Court is indisputably licensed under Public Health Law article 46-B, there is no set of circumstances whereby plaintiff could establish that Tennyson Court was also a facility covered by article 28—de facto or otherwise. Inasmuch as the statute makes that mutual exclusivity plain, the majority's analysis of whether Tennyson Court, or any other assisted living facility, [*3]may morph into a de facto residential health care facility is entirely unnecessary. Indeed, recent decisions from both the Second and Third Departments agree with our interpretation of the relevant statutory framework, and support our conclusion that the causes of action predicated on Public Health Law article 28 should be dismissed given Tennyson Court's licensure as an assisted living facility under article 46-B (see DeRusso, — AD3d at &mdash, 2025 NY Slip Op 00008, *1-2; Broderick, 200 AD3d at 841).
In light of the foregoing, and unlike the majority, we would overrule our prior decision in Cunningham to the extent that it authorizes a cause of action under article 28 of the Public Health Law against an assisted living facility indisputably licensed pursuant to article 46-B of the Public Health Law. Although the majority offers an inferential reference to the clear conflict on the subject between our decision in Cunningham and the Second and Third Departments' decisions in Broderick (200 AD3d at 841) and DeRusso (— AD3d at &mdash, 2025 NY Slip Op 00008, *1-2), it does not seriously grapple with that conflict, to say nothing about Cunningham's conflict with relevant statutory text. As noted above, however, we agree with the rationale in DeRusso and Broderick and conclude that the logic of those decisions presents a more faithful application of the clear statutory definition of an assisted living facility, which wholly precludes a finding that such a facility could also be a de facto residential health care facility under article 28. It is well settled that, "[w]here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (State of New York v Patricia II., 6 NY3d 160, 162 [2006] [internal quotation marks omitted]; see Pultz v Economakis, 10 NY3d 542, 547 [2008]; Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 91 [2001]). In concluding that Tennyson Court, as a licensed assisted living facility, is not a facility under Public Health Law article 28, we merely give effect to the unambiguous and clear statutory terms (see Public Health Law § 4651 [1] [a]).
While seeming to invite a challenge to Cunningham in an appropriate case, the majority nevertheless chides us for unwarrantedly departing from the venerable doctrine of stare decisis given the absence of any compelling circumstances in this case. We respectfully disagree. "[A]lthough due deference should be accorded the doctrine of stare decisis in order to promote consistency and stability in the decisional law, we should not blindly follow an earlier ruling [that] has been demonstrated to be unsound simply out of respect for that doctrine" (Kash v Jewish Home & Infirmary of Rochester, N.Y., Inc., 61 AD3d 146, 150 [4th Dept 2009] [internal quotation marks omitted]; see Goodwin v Pretorius, 105 AD3d 207, 215 [4th Dept 2014]; see also Wiggins v City of New York, 201 AD3d 22, 26 [1st Dept 2021]). One such compelling reason to overrule precedent is "where it can be shown that the law has been misunderstood or misapplied" (Kash, 61 AD3d at 150 [internal quotation marks omitted]; see Wiggins, 201 AD3d at 26; see generally Rumsey v New York & New England R.R. Co., 133 NY 79, 85 [1892]). That is precisely the case here, inasmuch as we conclude that Cunningham's determination that an assisted living facility licensed under Public Health Law article 46-B can, in some circumstances, simultaneously be a de facto residential health care facility under article 28 is a misapplication of the relevant law because it contradicts the unambiguous text of Public Health Law § 4651 (1) (a).
Although we are mindful that the doctrine of stare decisis applies with special force in the context of reevaluating precedent involving statutory interpretation (see Matter of Eckart, 39 NY2d 493, 499 [1976]; Goodwin, 105 AD3d at 215; see generally People v Hobson, 39 NY2d 479, 489 [1976]), that generally wise caution does not apply in the circumstances here, where the precedent in question did not interpret a statute, but rather conflicts with the statute's express command. Had the legislature intended to "permit[ ] some overlap between assisted living facilities and residential health care facilities" it could have easily done so, "and [t]he failure of the [l]egislature to include a matter within a particular statute is an indication that its exclusion was intended" (DeRusso, — AD3d at &mdash, 2025 NY Slip Op 00008, *2 [internal quotation marks omitted]; see Goodwin, 105 AD3d at 215-216).
Ultimately, the bench and the bar are entitled to clear guidance on this issue, and we respectfully conclude that the majority's decision—particularly its failure to reconcile Cunningham with the clear and controlling statutory text of Public Health Law § 4651 (1) (a)—does not provide it.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court